WERNER v. THE CITIZENS' RAILWAY COMPANY, *Appellant*.

1. **Negligence**: VARIANCE. Where the negligence proved is sufficient to support an action, and is of the same character as that alleged, although not proved to the extent alleged, there is no variance.

2. **Contributory Negligence, when no Defense.** When the negligence of the defendant, which contributes directly to cause the injury, occurs after the danger, in which the injured party has placed himself by his own negligence, is, or by the exercise of reasonable care, may be discovered by the defendant in time to avert the injury, the defendant is liable, however gross the negligence of the injured party may have been in placing himself in a position of danger.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Brown & Young* for appellant.

No negligence on the part of the defendant was proven; certainly not the kind of negligence declared on in the petition, and hence the instruction for nonsuit should have been given. *Buffington v. Railroad Co.*, 64 Mo. 216; *Waldhier v. Railroad Co.*, 71 Mo. 516; *Price v. Railroad Co.*, 72 Mo. 420. There was negligence on the part of deceased contributing directly to the accident, which precludes recovery by plaintiff. *Karle v. Railroad Co.*, 55 Mo. 484; *Isabel v. Railroad Co.*, 60 Mo. 482; *Whalen v. Railroad Co.*, 60 Mo. 327; *Mayer v. Railroad Co.*, 64 Mo. 276; *Zimmerman v. Railroad Co.*, 71 Mo. 484; *Yarnale v. Railroad Co.*, 75 Mo. 575, 586; *Lenix v. Railroad Co.*, 76 Mo. 91; *Button v. Railroad Co.*, 18 N. Y. 248; *O'Keefe v. Chicago*, 32 Ia. 467; Cooley on Torts, 674; Thompson on Negligence, *passim* and specially, vol. 2, pp. 1156, 1157, and following, with authorities there cited. The instructions given by the court, of its own motion, were wrong in matter of law, inconsistent with each other, and calculated to mislead the jury. Defendant's instructions should have been given.

*Hugo Muench* with *Henry Hitchcock* for respondent.

This action, as clearly indicated by the petition, is based upon the doctrine now firmly imbedded in the jurisprudence of our State: That, in cases of collision and personal injury, even though the injured party has been guilty of negligence, and notwithstanding such negligence may have served to bring about the conditions under which he was injured; yet, if it nevertheless appears that the proximate cause of the injury was either the omission of the defendant, after becoming aware of the danger to which the injured party was exposed, to use a proper degree of care to avoid such injury, or a failure to discover that danger through recklessness or carelessness, when the exercise of ordinary care would have discovered it and averted the calamity, the defendant will be held liable. *Harlan v. Railroad Co.*, 65 Mo. 26; *Isabell v. Railroad Co.*, 60 Mo. 475; *Maher v. Railroad Co.*, 64 Mo. 276; *Hicks v. Railroad Co.*, 64 Mo. 437; 65 Mo. 36; *Zimmerman v. Railroad Co.*, 71 Mo. 484; *Swigert v. Railroad Co.*, 75 Mo. 480; *Yarnall v. Railroad Co.*, 75 Mo. 586; *Frick v. Railroad Co.*, 75 Mo. 610; *Kelly v. Railroad Co.*, 75 Mo. 140. There was no variance between the negligence averred and that proved. *Conway v. Reed*, 66 Mo. 346.

HENRY, J.—Plaintiff sued for damages, under the statute, for the alleged negligent killing of her husband, Louis Werner, by one of defendant's street cars. The defenses pleaded were a denial of the facts alleged and contributory negligence on the part of the deceased. There was evidence tending to prove that deceased was guilty of contributory negligence; that in a state of intoxication he lay, or fell down, on the defendant's track and remained there until run over by the car, which occurred about 8:25 o'clock at night. It was a dark night and the only passengers on the car were Clifton and his wife, who testified that it was difficult to see any object at a distance, and that one would

24—81

be liable to mistake as to what an object on the track was. That immediately after the accident the car was stopped and Werner was lying by the foot of the rear platform. The driver testified that he saw an object lying ahead of the horses, about fifteen feet, and supposed it was a bundle of hay or a sack of oats. That he could have stopped the car in two feet, but made no effort to stop it or ascertain what the object was, until after the car passed over it. That after he discovered the object on the track he proceeded right along, looking straight over his horses' heads. The court at the close of the evidence of its own motion gave the following instructions:

1. The court instructs the jury that the burden of proof upon plaintiff is to establish that Louis W. Werner came to his death in consequence of the negligence of the defendant, its servants or agents, having the management of its car at the time of the disaster.

2. If you believe from the evidence that the driver of defendant's car, by the exercise of ordinary care and prudence, might have ascertained that the object he saw lying in the track was a human being before he ran over it, and might then have stopped the car and avoided running over the deceased, then you will find for the plaintiff in the sum of $5,000.

3. In case you believe that the driver of the car which did the injury, by the exercise of ordinary care and prudence might have ascertained that the object he saw lying in the track was a human being before he ran over it, and might then have stopped the car before injuring the deceased, and that the driver failed to exercise such ordinary care and prudence, then the plaintiff will be entitled to a verdict, even though you may further believe that the deceased became drunk, and laid down on the track intentionally or in a state of intoxication.

4. On the other hand, if you believe and find that the driver of the defendant's car, after he discovered an object lying on the track, exercised such care and prudence as an

ordinarily prudent and careful driver would have exercised, under the same or similar circumstances, and was not able, in the exercise of such care, to discover that the object he saw was a human being before he ran over it, but in fact believed the object to be something else, then your verdict should be for the defendant.

5. If you believe that the deceased became drunk and laid down on the track in a state of intoxication, then he took the risk of being run over, and the plaintiff cannot recover, unless he proves that the driver of the car, after he saw the deceased lying on the track, failed to exercise ordinary care and prudence in discovering or ascertaining what the object was before running over it.

And refused the following instructions asked by the defendant:

1. If the jury believe from the evidence that the deceased, Louis W. Werner, while intoxicated or under the influence of drink in the night time, lay or fell down, and remained upon defendant's track in the public street in the city of St. Louis, when defendant's cars and other vehicles were passing from time to time, then such act constituted negligence on his part; and if the jury believe from the evidence that such negligence contributed directly to the injury complained of, then they will find a verdict for defendant.

2. That although the jury may believe from the evidence that the driver of defendant's car, which ran over and injured deceased, Werner, saw an object in front of his horses just before such accident, yet that fact will not authorize the jury to find for plaintiff, unless the jury further believe that said driver failed to exercise ordinary care and skill in the management of said car after seeing said object; and in arriving at a conclusion as to whether he did so exercise ordinary care and skill in the management of said car, the jury should take into consideration the appearance of the object, the darkness of the night, and all the facts

and circumstances connected with the accident as shown by the evidence.

3. The court instructs the jury, that if they believe from the evidence, that the deceased, Louis W. Werner, was guilty of negligence and misconduct, which contributed directly to the accident which resulted in his death, they will find for the defendant.

The jury found a verdict in favor of plaintiff for $5,000. A motion for a new trial, based upon the usual grounds, was overruled by the court, the case appealed to the court of appeals, there affirmed, and thence taken by defendant to this court.

The first point made by appellant's counsel is, that there was a variance between the negligence averred in the petition and that proved. The negligence alleged was that " the death of plaintiff's husband was occasioned by the negligence of defendant, through its servants in this, that, although knowing that he was on the track and unable to remove himself therefrom, they recklessly, etc., failed to ckeck or stop said car, but with great force, etc., ran the same over him." Whereas the proof was that the driver, the only one of defendant's servants then on the car, did not know it was Werner, but supposed the object to be a bundle of hay or a sack of oats. Counsel make an ingenious and plausible argument in support of this proposition, but the substance of the averment in the petition is, that deceased was run over through the negligence and carelessness of the driver, and while he testified that he did not know that the object he saw on the track was Werner, by the exercise of reasonable care he could have ascertained that fact, or at least that it was a human being, before he ran the car over him. The argument would be just as forcible if the driver had testified that he knew the object he saw on the track was a human being, but he did not know it was the individual Werner. It is not a case of variance, but an instance in which negligence of the character alleged is proven, but not to the extent alleged, but suf-

ficient to support the action, and in its facts and the principle involved, is wholly unlike the cases of *Waldhier v. Railroad Co.* 71 Mo. 514; *Price v. Railroad Co.* 72 Mo. 414, and *Buffington v. Railroad,* 64 Mo. 246.

In this connection the appellant's counsel contends that no negligence on the part of defendant was established, and argues thus : " If the driver in the dust and darkness had seen nothing at all on the track, but driven on and over deceased, it is clear that no negligence could have been imputed to him. It would have been an injury resulting solely from plaintiff placing himself across the track of the railway in front of a moving car. But if a total obscuration of his sight would have relieved him from the charge of negligence, can a partial obscuration to the extent it went and the effect it produced, have a contrary effect ? "

If the darkness of the night had prevented the driver from seeing the object on the track, it may be conceded that no negligence would be imputed to him; but the fallacy of the argument lies in the deduction from the fact that a total obscuration of his sight would release him from the charge of negligence, that a partial obscuration to the extent it went and the effect it produced, would relieve him of the charge. This is a *non sequitur*. There would have been nothing to call into activity more care and prudence on the part of the driver, than was necessary to guide the horses when no danger was apparent, or reasonably apprehended, but when he could see an object on the track as large as a sack of oats, he had reason to apprehend danger, not only to his passengers and the property in his care, but to strangers or their property, and to hold that he might drive on with the same indifference as if he had seen nothing on the track, because he could not discern what it was, would be to sanction recklessness, and ignore the duty of carriers to avoid injuring persons and property when aware of the danger to which they are exposed, or when they have reasonable grounds for an apprehension that by proceeding as usual with their vehicles, injury will be in-

flicted upon persons or property. Counsel indulges in a criticism of the cases in which this court has held that if the negligence of a defendant which contributed directly to cause the injury, occurred after the danger in which the injured party had placed himself by his own negligence, was, or by the exercise of reasonable care, might have been discovered by the defendant, in time to have averted the injury, then defendant is liable, however gross the negligence of the injured party may have been in placing himself in such position of danger. Such is the well established doctrine of this court. *Isabel v. Railroad Co.*, 60 Mo. 475; *Harlan v. Railroad Co.*, 65 Mo. 26; *Zimmerman v. Railroad Co.*, 71 Mo. 484; *Frick v. Railroad Co.*, 75 Mo. 61; *Kelly v. Railroad Co.*, 75 Mo. 140.

And the case at bar is an apt illustration of the wisdom of the rule. In a populous city, on one of its public thoroughfares which pedestrians are crossing at all hours of the day and night, the driver of a street car on a dark night, discovers an object fifteen feet ahead of his horses, which he supposes to be a bundle of hay or a sack of oats, with but little reason to suppose, and which he could have ascertained to be a human being, if he had checked his horses and driven slowly up to the object, instead of recklessly driving ahead looking, not at the object, but over his horses' heads, not endeavoring to determine what the object was, but indifferent to its character, not stopping the car or checking its speed until he had run over and killed a human being, when the exercise of ordinary care and prudence involving a delay of only ten or fifteen seconds, would have disclosed that it was a human being, and saved a human life. It is contended by the defendant's counsel that the discovery of the danger in which Werner had placed himself, and the infliction of the injury, were simultaneous and that, therefore, this doctrine has no application. The facts of the case, as testified to by defendant's witness, do not sustain that theory. The driver testified that he saw the object fifteen feet ahead of the horses. That he could have stopped

the car in two feet; so that he had ample time, after seeing the object on the track, to stop the car before the horses reached it. The instructions given by the court fairly declared the law applicable to the facts, and there was no occasion for giving those asked by defendant.

The judgment of the court of appeals is affirmed. All concurring, except SHERWOOD, J., absent.