CITY OF KANSAS TO USE OF MICHAEL MAHER ET AL., Defendants in Error, v. WILLIAM J. ALLEN ET AL., Plaintiffs in Error.

Kansas City Court of Appeals, December 5, 1887.

PRACTICE—BILL OF EXCEPTIONS — TIME ALLOWED FOR FILING EXTENDED—CASE ADJUDGED.—In a case tried at the October term, 1886, of the Jackson circuit court, defendants took leave, entered of record, to file bill of exceptions on or before thirty days, the leave granted beginning on the last day of that term. At the next January term (1887), and before the expiration of said thirty days, the court, by an order of record, extended the time for filing the bill of exceptions ten days thereafter, and it was not filed until after the expiration of the thirty days allowed in the first order of the court. Upon motion, in this court, by defendants in error, to strike out the bill of exceptions for the reason that the same was filed out of time. *Held,* That, under the amended act of 1885 (Laws of Mo. 1885, p. 214), the court is only authorized to make such order at the term at which the exceptions are taken, and not afterwards ; and after the adjournment of the trial term, its authority to act in the premises is at an end, and that it has no continuing power to re-exercise it at a subsequent term.

ERROR to Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Motion to strike out bill of exceptions sustained.*

BRYANT & HOLMES, for the motion.

BYRON SHERRY and ROLAND HUGHES, against the motion.

The case is stated in the opinion.

PHILIPS, P. J.—This cause was tried at the October term, 1886, of the Jackson circuit court, and on the twenty-first day of December, 1886. On the eighth day of January, 1887, it being yet the October term for 1886, the defendant's motion for new trial was overruled. On the last-named day the defendants took leave, entered of record, to file a bill of exceptions on or before thirty days from that date, this being the close of the October term. The January term for 1887 began about the twelfth day of January. At this term, on the fifth day of February, 1887, the thirty days allowed the defendants for filing bill of exceptions, being about to expire, the court, by an order of record, extended the time for so filing the bill of exceptions, ten days thereafter. So the bill of exceptions was not filed until the fourteenth day of February, 1887, more than thirty days after the time allowed in the first order of the court. The defendants in error now come and move this court to strike out the bill of exceptions, for the reason that the same was filed out of time. Reliance for this action of the court is placed by the plaintiffs in error on the amended act of 1885. Laws of Mo., 1885, pp. 214, 215. This act provides, that such exceptions may be written and filed at the time or during the term of the court at which it is taken, or within such time thereafter as the court may, by an order entered of record, allow. A brief reference to the history of the rulings of the Supreme Court, touching the matter of filing bills of exceptions, will show clearly, as we think, that the action of the trial court in this instance cannot be upheld.

Under the common-law practice, bills of exceptions had to be made out, presented to the court, and signed at the time the exception was taken. Our practice act, in terms, extended this rule, so as to allow the whole term at which the trial was had, for preparing and having signed the bill of exceptions. The Supreme Court then, by judicial construction, still further extended the rule by permitting the party excepting to have his exceptions signed by the judge and filed in vacation of the court, when so done by consent of the parties, and the order of the court entered of record in term time. And again this ruling was so modified as to permit this to be done by consent of the parties, entered of record in term time, holding that the mere fact that this was made of record, presumptively had the consent of the court.

Thus stood the law when the legislature of 1885 met. To obviate the necessity of the party taking the exception, of securing the consent of an unyielding adversary, the legislature, by the amendment in question, provided that this time might be extended beyond the term of court by the mere order of the court to that effect, with or without the assent of the parties. The court is only authorized to make such order at the term at which the exceptions are taken, and not afterwards. After the adjournment of the trial term its authority to act in the premises is at an end. Having once exercised the power conferred on it, it has no continuing power to reëxercise it at a subsequent term. In other words, the statute is an enabling act, under which the court can do precisely what the statute authorizes and nothing more. If, after the end of the term at which the order is entered permitting the party to file the bill so many days thereafter, the court can again, at a subsequent term, merely because the time for the filing happens to occur during term, again extend the time, we can see no limit to such extensions, so long as the court can fix the first time within the succeeding term of court. If the court may extend the time again to a later period in

the succeeding term, why may it not again extend it to another term? Its power and discretion end with the adjournment of the trial term.

The motion to strike out the bill of exceptions is sustained. All concur.