STATE OF MISSOURI, Respondent, v. MICHAEL BOBB AND MARSHALL ALEXANDER, Appellants.

Kansas City Court of Appeals, March 3, 1890.

1. Bill of Exceptions : LEAVE TO FILE. Where leave is given at the June term to file a bill of exceptions at the October term, and, on the first day of such October term, the time is extended to the nineteenth day of November and the bill is filed on said last-named day, the court then being in session, the October term having been adjourned till that day, the bill is filed within the time allowed, and in pursuance of the leave taken at the June term.

2. Recognizance : FORFEITURE : LIABILITY OF SURETY. A justice of the peace, on continuing an examination of a prisoner, took his recognizance to "appear before the justice, on, *etc.*, then and there to answer, *etc.*, and shall not thence depart without leave." He appeared, pleaded not guilty, the examination proceeded and the justice announced his finding. Thereafter the justice and constable permitted the accused to leave the court-room to secure bail for the circuit court. He never returned. *Held,* the security on the recognizance was discharged.

3. ———: "DEPART WITHOUT LEAVE" AND "APPEAR FOR EXAMINATION." If the intent of the clause in the recognizance, "shall not depart without leave," was to hold the prisoner after the examination, then it means more than to "appear for examination" as required by the statute and should be rejected as surplusage.

*Appeal from the Daviess Circuit Court.*—HON. CHAS. H. S. GOODMAN, Judge.

REVERSED.

Statement of the case by the court.

This was a proceeding begun in the Daviess circuit court by *scire facias* upon a forfeited recognizance in which the state is seeking to collect the amount thereof from appellants, the surety thereon. The facts deduced from the record are as follows :

On the thirtieth day of October, 1886, the defendant Michael Bobb was arrested on a warrant issued by S. P. Richardson, a justice of the peace, in pursuance of an information filed with said justice, charging said defendant Bobb with assault with intent to kill. On the same day, said warrant was returned into court with the body of said Michael Bobb, whereupon the defendant asked for and was granted a continuance until the fifth day of November, 1886, and for such purpose duly entered into recognizance, with Marshall Alexander as security, as follows :

" STATE OF MISSOURI, } ss.
"County of Daviess, }

" Be it remembered that on this thirtieth day of October, 1886, personally came before me, S. P. Richardson, a justice of the peace in and for Daviess county, aforesaid; Michael Bobb, of Daviess county, and Marshall Alexander of said county, and acknowledged themselves indebted to the state of Missouri, that is to say: The said Michael Bobb in the sum of three hundred dollars, and the said Marshall Alexander in the sum of three hundred dollars, to be levied of their respective goods and chattels, lands and tenements ; upon condition that if the above bounden Michael Bobb shall personally appear before me, S. P. Richardson, a justice of the peace, within and for the

county aforesaid, on the fifth day of November, 1886, then and there to answer a charge against the said Michael Bobb for an assault with intent to kill and shall not thence depart without leave, then this recognizance to be void; otherwise to remain in full force.

"(Signed)          MICHAEL BOBB,

"MARSHALL ALEXANDER.

"Taken and certified this thirtieth day of October, 1886.        · S. P. RICHARDSON,

"Justice of the Peace."

Afterwards, on the said fifth day of November, the defendant Michael Bobb duly appeared before said justice in obedience to said recognizance, answered ready for trial, waived formal arraignment and pleaded not guilty. The evidence and argument of the counsel was heard, whereupon the justice found that there was probable cause to believe a felony to have been committed, as charged, and that defendant was guilty of the charge. After the examination, thus had before the justice, and decision thereon announced, the justice and constable present permitted Bobb, the accused, to leave the court-room on the pretext of securing bail for his, Bobb's, appearance in the circuit court. Defendant Bobb did not return to the justice's office, whereupon the justice noted the default and certified the recognizance, with the alleged default, to the circuit court; whereupon *scire facias* judgment was rendered against defendant Alexander for three hundred dollars, the sum named in the bond, and he has appealed to this court.

*Hicklin & Yates*, for the appellants.

(1) The recognizance in this case is taken in pursuance of the provisions of section 1733, Revised Statutes, 1879. Under this section the magistrate is not authorized to take a bond, conditioned that the defendant

" shall not thence depart without leave." The language of the statute is : "He may be recognized * * * for his appearance for such further examination, and for want of such recognizance he shall be committed." In this state a justice of the peace is only warranted in inserting the clause, "not to depart the court without leave," after examination. R. S. 1879, sec. 1742. No similar case has arisen in this state under this statute, but sound reason, as well as abundant authority elsewhere, supports our position. (2) This being a statutory recognizance, the plain provisions of the statute setting out the terms of the bond must be strictly followed, and, where a condition not required by the statute is imposed by the recognizance, such condition is of no effect and should be rejected as surplusage. *State v. Edgerton*, 12 R. I. 104; *State v. Crowley*, 60 Maine, 103; *Howie v. State*, 1 Ala. 113. If this clause be rejected as surplusage, as the authorities suggest, we have left such a bond as the statute authorizes to be given, one for appearance only, for examination. *Turner v. State*, 14 Tex. App. 168; *Loyd v. McGeer*, 33 Ga. 37. (3) The decisions even go further than any heretofore cited. It is the law that where a court of record inserts in the conditions of the recognizance more than the law requires, such part added is mere surplusage and is of no legal effect. *State v. Cobb*, 71 Maine, 198; *Howie v. State*, 1 Ala. 113; *McCarty v. State*, 1 Blackf. [Ind.] 338; *State v. Mackey*, 55 Mo. 51; *Com. v. Coleman*, 2 Metc. [Ky.] 382; *Askins v. Com.*, 1 Duvall [Ky.] 275.

*G. A. Chapman* and *W. D. Hamilton*, for the respondent.

(1) The defendant was given leave to file his bill of exceptions at the next term of the court after the trial term which was begun October 8, 1888, and at said term he was given further time, until November 19,

1888, at which time it was filed. It was, therefore, filed out of time, and as such stands as no bill of exceptions, and the court cannot properly consider it. *Duvall v. Martin*, 28 Mo. App. 526; *City of Kansas to use v. Allen*, 28 Mo. App. 132; *State v. Hill*, 98 Mo. 570. (2) The recognizance in this case follows the form laid down in Kelley's Justice Treatise, section 777, which is the usual form for both a statutory and common-law recognizance. It is also the form generally used by the court and officers in taking recognizances in the circuit court under sections 1829, 1832 and 1835, Revised Statutes, 1879. Although the provisions of these statutes do not require the recognizance to contain the conditions "and shall not thence depart without leave," it is held that when the recognizance is taken by the court or sheriff and the. defendant departs without leave, as in this case, he forfeits his recognizance. *State v. Posten*, 63 Mo. 521; *State v. Millsaps*, 69 Mo. 359; *State v. Stout*, 6 Halstead [N. J.] 124. (3) There is no substantial difference between common-law and statutory recognizance in this state, and if it is not good as a statutory recognizance it may be good as a common-law recognizance. *State v. Posten*, 63 Mo. 521; *Claason v. Shaw*, 30 Am. Rep. 338; *Sweetser v. Hay*, 2 Gray, 52; *Koons v. Seward*, 8 Watts, 389; *Barns v. Webster*, 16 Mo. 258; *Morse v. Hodsdon*, 5 Mass. 314; *Freeman v. Davis*, 7 Mass. 200.

GILL, J.—The state's attorneys contend that we should treat the bill of exceptions filed in this case as *no bill of exceptions*, for the alleged reason that it was not filed within the time allowed by law. In this regard counsel are in error. It seems that Daviess county has three terms of its circuit court, to-wit: February, June and October. The motions for new trial and in arrest, in this case, were passed on at the June term and leave then given, by entry of record

at the time, to defendant Alexander to file his bill of exceptions at the following October term. On the first day of the October term (it being October 8, 1888) leave was entered on record giving defendant until November 19, 1888, to file bill of exceptions.

On November 19, 1888, this bill of exceptions was filed and allowed. November 19, as it appears from the record, was of the October term, the court having adjourned the October term to said date. Hence the bill of exceptions was filed within the October term, 1888, in pursuance of the leave taken at the June term. The case of *City of Kansas to use, etc., v. Allen,* 28 Mo. App. 132, cited by plaintiff's counsel, simply renders nugatory the leave taken on October 8, but there is no doubt as to the legality or propriety of the court's action in making the order at the June term giving the defendant during the October term to file his bill of exceptions, nor any question that the same was tendered and allowed during the October term.

II. Upon the record of this case the controlling question is, was a judgment of forfeiture properly entered on the recognizance against Alexander, the surety? The bond given is authorized by section 1733, Revised Statutes, 1879. This statute, in case the justice shall continue a hearing to a future day, provides, where a bailable offense is charged, that the justice of the peace may require a recognizance, in a sum and with sureties to him satisfactory, for the appearance of the accused "for such further examination, and for want of such recognizance he shall be committed" to jail. The bond here taken by the justice was conditional "that if the above bounden Michael Bobb shall personally appear before me, S. P. Richardson, a justice of the peace, etc., on the fifth day of November, 1886, then and there to answer a charge against the said Michael Bobb, for an assault with intent to kill, *and shall not thence depart without leave,* then this recognizance to be void; otherwise to remain in full force."

It will be observed that the condition required by the statute is that the accused shall *appear before the justice*, at the day to which the cause is continued *for examination*, whereas the recognizance we have here provides, in addition, that the accused *"shall not thence depart without leave."* This clause ( "shall not thence depart," etc.) is provided for in the bond to be entered into before the justice after examination to secure the prisoner's appearance before the circuit court, section 1745, Revised Statutes, 1879; but it is not so provided in the recognizance for the appearance of the accused before the justice on the day named in the continuance for examination. We think the entire object of the recognizance provided in section 1733 was to secure the presence of the accused before the justice on the postponed day for examination and there to remain *for* such examination. In other words, this security, Mr. Alexander, undertook, by his solemn agreement, to have the prisoner Bobb back before justice of the peace Richardson on November 5, 1886, there to have his case inquired into. And having secured Bobb's attendance at the time and place, when and where the examination was had and completed, and the judgment of the justice then and there entered, defendant Alexander's obligations were, in that matter, at an end.

He had taken the prisoner from the state's custody and given bond that he would return him at the time and place named. This obligation was met and the security was discharged. That the state's officers after this permitted the escape of the prisoner does not concern the surety, even to admit a right to enforce the terms of the questionable clause, "shall not thence depart without leave." If this clause was meant to secure the prisoner's attendance *during the examination*, then it seems to us it was not nugatory, but simply a repetition of the same idea included in the words, *"appear* (at the day named) *for examination."* If the

intent of the clause was to hold the prisoner on the bond *after* the examination, and until he might secure a bond for appearance in the circuit court at some future day, then such a provision is a condition not provided for in the statute (section 1733) and should be rejected as surplusage. "Superadded words of condition beyond what are authorized by the statute do not invalidate the recognizance, but it has precisely the same effect as if they had been omitted." *State v. Crowley*, 60 Me. 107, and cases cited. Although this exact question has never before, to our knowledge, been passed upon in this state, we deem ourselves, in principle at least, supported by the case of *State v. Mackey*, 55 Mo. 51.

For the reasons here assigned we reverse the judgment. All concur.