STATE OF MISSOURI, Respondent, v. F. W. LEWIS, Appellant.

| 61 | 633 |
| 93 | 24 |

Kansas City Court of Appeals, April 1, 1895.

Criminal Procedure: CONTINUING RECOGNIZANCE: SURETY: STATUTE. The words of a recognizance enlarging or extending the conditions thereof beyond those required by the statute are mere surplusage and ineffectual to bind the surety. Sections 4030, 4364, Revised Statutes, *distinguished*.

*Appeal from the Buchanan Criminal Court.*—HON. SILAS WOODSON, Judge.

REVERSED.

*J. A. Flournoy, Ben Phillip, James W. Boyd* for appellant.

(1) Fulton appeared in the justice's court on December 28, 1893. That was a compliance with the obligations of the bond and discharged the security. *State v. Bobb*, 39 Mo. App. 543; *State v. Mackey*, 55 Mo. 51; R. S. 1889, sec. 4339. (2) The terms of the bond requiring the defendant Fulton to "personally appear on any and every day and time to which said cause against him may be adjourned or continued and not thence depart without leave," are not provided for by statute, are mere surplusage and do not bind the security. Authorities, *supra*. *First*. The information against Fulton did not charge him with a criminal offense or any violation of any law of the state of Missouri. See Sess. Acts., Mo., 1891, p. ——. *Second.* Inasmuch as the records of the justice fails to show that Fulton was in custody charged with a criminal offense, under the law in this state governing proceedings of this character in justices' courts, the demurrer to the evidence should have been sustained. R. S. 1889, sec. 4380. For the reason above stated the judgment of the lower court should be reversed.

*Romulus E. Culver* for respondent.

(1) The terms of the recognizance requiring defendant to personally appear "on December 28, 1893, at the hour at 2 o'clock P. M., and on any and every day and time to which the cause against him may be adjourned or continued," are not mere surplusage and do not contravene Revised Statutes of Missouri, 1889, sec. 4339. (2) "A recognizance or bond taken before an officer duly authorized, fulfilling the requirements of the statutes and unwritten law of the particular

state is valid and binding." 1 Bish. Cr. Pros. [3 Ed.], sec. 264, and cases cited.

SMITH, P. J.—This case so closely resembles that of *State v. Bobb*, 39 Mo. App. 543, that the facts there stated will suffice for this.

The question here, as there, is whether the recital of a condition in the recognizance, in excess of the authority conferred upon justices of the peace by section 4339, Revised Statutes, is obligatory upon the surety. It was there held that the words of the recognizance enlarging or extending the conditions thereof beyond those authorized by the section of the statutes just referred to, were mere surplusage, and ineffectual to bind the surety.

The condition of the recognizance set out in the record before us, in the present case, recited not only that the accused should appear at the time and place appointed therein, but also should "appear on any and every day and time to which the cause against him should be continued," "and not depart without leave." The surety took the accused from the custody of the state, and entered into a recognizance that he would return him at the time and place nominated in the recognizance, and when he performed that condition his obligation was at an end. The continuing conditions inserted in the recognizance by the justice were in excess of his statutory authority and were, therefore, nugatory. A justice has no power, except that given him by statute. *Weeks v. Etter*, 81 Mo. 374; *Dillard v. Railroad*, 58 Mo. 69. This power, it is plain to be seen, is neither expressly, nor by necessary implication, conferred by the statute, and, for that reason, does not exist.

The provisions of the section of the statute authorizing the taking of the recognizance in this case, are

different from those of sections 4030 and 4364. In the latter are found the words, "and not to depart the court without leave." The latter has no application to recognizances authorized by the former.

The judgment of the criminal court, which was for the state, must be reversed. All concur.