GEORGE PERKINS ET AL. V. HELEN MILTON.

FILED MAY 21, 1902.   No. 11,693.

Commissioner's opinion, Department No. 3.

Bastardy Proceedings: RECOGNIZANCE: CONDITION: RENEWAL: FAIL-URE TO APPEAR: LIABILITY. A recognizance in a bastardy proceeding, conditioned that the accused shall appear at the next term of the district court to answer such accusation, and abide the order of the court, is limited to the term at which it exacts the appearance, and where the case is continued to a subsequent term without a renewal of such recognizance, and the defendant fails to appear at such subsequent term, there is no liability on the recognizance.

ERROR to the district court of Saline county. Tried below before HASTINGS, J. Reversed.

Richard S. Norval, J. J. Thomas and George H. Hastings, for plaintiff in error.

Fayette I. Foss, John D. Pope, B. V. Kohout and R. D. Brown, contra.

ALBERT, C.

On April 6, 1897, one Herbert Perkins was given a preliminary hearing before O. G. Ellsworth, a justice of the peace in and for Saline county, Nebraska, upon a complaint filed by the defendant in error, Helen Milton,

charging him with being the father of a bastard child of which she was then pregnant. Upon this hearing it was adjudged by the justice that there was reasonable cause for the filing of said complaint; whereupon the defendant entered into a recognizance for his appearance at the next term of the district court to be thereafter held in said county, with George Perkins, H. P. King, Edwin C. Biggs and R. S. Norval, as sureties. The recognizance is in the usual form, and is conditioned "that if the said Herbert Perkins shall appear at the next term of the district court to be held in and for Saline county, Nebraska, to answer such accusation, and to abide the order of the court thereon, then this recognizance to be null and void; otherwise to remain in full force and effect." The next term of the district court for Saline county, Nebraska, convened May 10, 1897. On May 15, 1897, the May term of the district court for Saline county for that year adjourned *sine die*. The defendant in that case appeared at the next or May, 1897, term of said district court, and his father, who was one of his bondsmen, and also R. S. Norval, another of his bondsmen, likewise appeared at the same term of court. There was no order of any kind made in said bastardy proceedings during the May, 1897, term of said district court. The second term of the district court held in Saline county, after the date of the recognizance, convened on October 18, 1897. On October 29, 1897, after the trial of the said cause at the October term of said court, the jury found Herbert Perkins guilty as charged in the complaint, and on November 5, 1897, Herbert Perkins not appearing in court, the bond was declared forfeited.

The action upon the recognizance was commenced in the district court of Saline county, and is brought in the name of Helen Milton, who sues for and on behalf of Saline county, against Herbert Perkins, George Perkins, Horace P. King, Edwin C. Biggs and Richard S. Norval. There was no service of summons on the defendant Herbert Perkins in this action, and he made no appearance therein.

58

Before the case was tried in the district court, Edwin C. Biggs died, and no revivor was ever had in the action against his estate, and no judgment was rendered against him or his estate. The action proceeded against the other defendants. A trial to the court resulted in a finding and judgment for the plaintiff. The defendant brings the case here on error.

The judgment in this case can not stand, because the liability of the defendants on the recognizance ended when the defendant appeared at "the next term of the district court." *State v. Murdock,* 59 Nebr., 521; *Hesselgrave v. State,* 63 Nebr., 807. It is urged that there were reasons for not trying the case at the term at which the defendant was bound to appear, but we are unable to see how that has any bearing on the liability of the defendant on the recognizance. The terms of the recognizance did not require the defendant in the bastardy proceedings to appear from term to term until it was possible or convenient to try the case, but to appear at the next term. If for any reason the case could not be tried at that term, the means were at hand whereby the prosecution might have secured the attendance of the defendant at a subsequent term. A failure to employ such means does not extend the liability of the defendant in this case. There is some question whether the plaintiff had legal capacity to maintain this action. On that question we express no opinion.

It is recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

AMES and DUFFIE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded for further proceedings according to law.

REVERSED AND REMANDED.