[No. 8325.]

## THE PEOPLE V. EBERLIE ET AL.

1. BAIL—*Recognizance Before Justice of the Peace.* A criminal recognizance taken before a Justice of the Peace must substantially comply with the provisions of the statute. (R. S. sec. 1934.) A condition requiring the principal to appear in the District Court from "day to day and term to term thereof," is not binding upon the surety.* (208, 209.)

2. —— *Proceedings in District Court.* A principal who appears in the District Court in compliance with the conditions of a recognizance given before a Justice of the Peace, is informed against, *capias* issued with the amount of bail fixed by the court endorsed thereon, and who is duly arraigned, thereby fully submitting himself to the jurisdiction of the court, has complied with the requirements of his bond and the surety thereon cannot be held liable if his principal is thereafter released by the officers or the court and fails to appear for trial at the next term.* (210.)

*Syllabus by GARRIGUES, J.

*Error to Denver District Court.* Hon. CHARLES C. BUTLER, Judge.

Mr. JOHN A. RUSH, district attorney, Mr. ROBERT H. KANE, deputy district attorney, for The People.

Messrs. DAYTON & DENIOUS, Mr. FRANK A. PETTIBONE, for defendant in error.

GARRIGUES, J., delivered the opinion of the court.

Action by The People, commenced by writ of *scire facias* issued July 6, 1913, to recover the penalty on a forfeited justice recognizance.

1.    Frank Eberlie was arrested upon a complaint issued July 6, 1909, out of the justice court, where he had a preliminary examination, and July 12, 1909, was bound over to the District Court on a criminal charge. He gave a recognizance signed by himself as principal and defendant Koch as surety, conditioned for his appearance at the District Court, then sitting in and for the City and County of Denver, on the fourth Saturday of July, being July 24, 1909, and to remain from day to day, and term to term thereof, and to abide the order of the court, and not depart without leave, and then and there to answer unto any charge that might be preferred against him. July 13, 1909, the transcript of the justice with the original recognizance having been lodged in the District Court, the District Attorney filed an information against Eberlie based on the preliminary

examination, charging him with the same offense as that upon which he was bound over, and an order was entered that he be let to bail in the sum of $1,500.00. The case was continued for the purpose of taking his plea and setting the case for trial. Defendant appeared on July 24, and it seems was released from custody in order that he might procure the $1,500.00 bail, indorsed upon the *capias,* required in the District Court and was ordered to return on July 31, of the April term, 1909, to which date the case was continued. On July 31, of the April term, 1909, defendant appeared, was arraigned and pleaded not guilty. The case was then continued to September 14th, of the September term, and September 22, 1909, the recognizance given before the justice was forfeited, and July 6, 1913, a writ of *scire facias* issued. February 8, 1913, Koch answered the writ, admitting the proceedings set forth therein, but alleging: That The People ought not to have judgment or execution against him on the recognizance, because the statute under which it was taken only required the accused to appear at and on the first day of the next term of the District Court, or if it was then sitting (which was the case) on a day of the term to be designated, which was fixed as July 24, 1909; that the recognizance in addition to requiring his appearance on the day mentioned, contained the further conditions that he appear not only on that date, but from day to day and term to term thereof, and remain at and abide the order of the court, and not depart the court without leave, and to do and receive what may by the court be enjoined upon him; that the last mentioned provisions are not required by the statute; are illegal and void, and were illegally required and ordered by the justice; that July 13, 1909, the District Attorney filed an information against defendant in the District Court charging him with the same offense embodied in the complaint before the justice, whereupon the judge of that court ordered him let to bail in the sum of $1,500.00; that July 24, 1909, in accordance with the requirements of the justice

recognizance, defendant appeared in the District Court and was surrendered by his surety. It is then alleged that the case was continued by order of court to July 31, 1909, and defendant was released from custody by the judge, to afford him an opportunity to procure the required bail; that July 31, 1909, to which date the case had been continued, he again appeared, was arraigned in the District Court, pleaded not guilty, and the case was continued by order of court to the 14th day of September of the September term, which was without the knowledge or consent of respondent Koch. The District Attorney demurred to this answer and being over-ruled, elected to stand on the pleadings. The case is here for a ruling upon the question of law involved: Whether, under the facts stated, the surety is liable upon the justice recognizance.

2. While it is not directly and specifically stated in the record, we gather from the answer that defendant, after being arraigned in the District Court July 31st, was for some reason released from custody or allowed to go without furnishing the bond theretofore ordered, and failed to appear for trial at the September term. It is the contention of The People that the provisions requiring defendant to appear before the District Court July 24, 1909, and "from day to day and term to term thereof and remain at and abide the order of the court, and not depart the court without leave, then and there to answer unto any charge that may be preferred against him and to do and receive what may, by the said court, be enjoined upon him," are legal, valid and binding conditions of the justice recognizance, and it being a continuing obligation, were in full force and effect until the final determination of the action in the District Court. Such contention is erroneous. The power of a justice to take a criminal recognizance is statutory and its validity depends upon a substantial compliance with the statute. *Connor v. People,* 4 Colo. 134; *Waters v. People,* 4. Colo. App. 97-101, 35 Pac. 56. The statute provides: "All

recognizances taken in pursuance of this section shall require the accused to appear at and on the first day of the next District Court, or if the court be then sitting, on some day of the term to be therein designated." Sec. 1934, R. S., 1908. This recognizance in addition to the conditions specified by the statute, went much further and required defendant to appear from day to day and term to term thereof. The justice had no authority under the statute, or without it, to order, require or add to the recognizance these additional requirements. The conditions added are more onerous than those mentioned in the statute, and not being therein specified, are not binding on the surety.—*Tanquary v. People,* 25 Colo. App. 531, 139 Pac. 1118; *State v. Bobb,* 39 Mo. App. 543; *State v. Lewis,* 61 Mo. App. 633; *Turner v. State,* 14 Tex. App. 169; *Durein v. State,* 38 Kas. 485, 17 Pac. 49.

3. When an information is filed in the District Court, the statute makes it the duty of the court to enter an order fixing the amount of bail—to be indorsed on the process—and the clerk of the court is directed to issue process of *capias* for the apprehension of the defendant. The statute providing for the issuing of a *capias,* and the indorsement thereon of the amount of bail, and letting the accused to bail, makes no exception of cases in which defendants have had a preliminary hearing; but applies alike to all informations. The recognizance was for the purpose of insuring the appearance of the accused in the District Court and when he appeared there as required, was informed against, the amount of his bail fixed, was arraigned, allowed to depart the court for the purpose of procuring bail, and the cause continued to the next term, the lawful conditions of the recognizance given before the justice had served their purpose, and it became null, and ceased to be of any force and effect. Conditions in the recognizance not required or authorized by statute, were void and not binding on the surety.

4. Defendant appeared on the 24th day of July at the

term for which the court was then sitting, as the recognizance required, and the case was continued to July 31. July 31, he appeared again, was arraigned, the case continued to September 14, of the next term, and defendant was permitted to depart without giving the bail required by the order of the District Court, and failed to again appear. The statute did not authorize the justice to take a continuing recognizance providing for the appearance of the accused from term to term of the District Court, and a continuance of the case to the September term was not lawfully within the contract or any legal obligation of the recognizance.—*State v. Murdock,* 59 Nebr. 521, 81 N. W. 427; *Perkins v. Milton,* 64 Nebr. 848, 90 N. W. 756; *State v. Moore,* 57 Mo. App. 662; *People v. Hainer,* 1 Den. (N. Y.) 454; *Keefhaver v. Commonwealth,* 2 Pen. & W. (Pa.) 240.

We think the statutory condition of the justice recognizance was performed when the District Court took jurisdiction over the person of defendant and the case having been continued to the September term, the surety on the recognizance was not liable on account of his failure to appear at such term. It was the duty of the defendant to appear as his recognizance required, without arrest upon the *capias,* and it was the duty of the sheriff, if he had not previously done so, after the court assumed jurisdiction over the person of defendant, and he had been arraigned, to take charge of his person upon the *capias,* and keep him in custody until he furnished the bail indorsed thereon, or was otherwise legally discharged.

The judgment of the lower court is affirmed and the cause remanded with directions to dismiss the writ.

*Affirmed.*

GABBERT, C. J., and SCOTT, J., concur.