THE STATE v. LEO BERGER, *alias* ROY BOER-CHERS, Principal, et al.; I. GRODSKY, Surety, Appellant.

### Division Two, December 23, 1918.

1. **RECOGNIZANCE:** Appearance on Any Day: Court of Criminal Correction. Under the statutes the judge of the St. Louis Court of Criminal Correction, as any other examining magistrate, may at the conclusion of an examination in a felony case, condition the recognizance upon the appearance of the accused on not only a day certain, but also on any future day to which the cause may be continued.

2. ————: ————: Continuance: No Showing: Recital in Writ. Where the recognizance required the appearance of the principal on May 22nd and on "any future day to which said cause may be continued," the magistrate was without authority to enter a judgment of default on June 2nd unless the cause was continued to that date, and in a proceeding by *scire facias* in the circuit court, for a judgment of forfeiture on the recognizance, it is necessary to show that the cause was continued to June 2nd. An allegation of the *scire facias* writ that the cause had been continued to June 2nd is not a sufficient showing.

Appeal from St Louis City Circuit Court.—*Hon. Karl Kimmel,* Judge.

REVERSED AND REMANDED.

*William E. Fish* for appellant.

(1)  The judge of the St. Louis Court of Criminal Correction, in the exercise of his powers as an examining magistrate, can take a bond for the appearance of

a defendant to a day certain, and he cannot lawfully condition such bond for the appearance of the party to any future day to which the cause may be continued, or not to depart the court without leave. Such conditions are nugatory and confer no power to require further appearance. Laws 1869, p. 195, sec. 7. In felonies said court does not act as a court, but merely as an examining magistrate. Ex Parte Bedard, 106 Mo. 627; State v. Hoeffner, 44 Mo. App. 545; State v. Hoeffner, 63 Mo. App. 410. It cannot, in exercising its functions as examining magistrate, make any condition in a bond not authorized by statute, and the statutes authorize a bond only to a day certain. The law upon this seems to be well established. State v. Bobb, 39 Mo. App. 543; Sec. 5027, R. S. 1909; State v. Mackey, 55 Mo. 51; Allen v. Ice Co., 196 Mo. 435; State v. Charles, 207 Mo. 40. (2) But even if the bond lawfully required the appearance of defendant "on any future day to which this said cause may be continued," the order declaring the default should have made it appear that the cause had been continued to that date. The record of said default does not even suggest that there had been a continuance, but simply says that the bond was for appearance on May 22, and that he did not appear on June 2; and default was accordingly entered. Certainly, in the case of such a tribunal, we will not be permitted to presume or infer that the cause had been continued to the date on which it declared a default. That necessary fact should be established by evidence.

*Frank W. McAllister,* Attorney-General, *C. P. Le-Mire,* Assistant Attorney-General, for respondent.

The recognizance bound the principal to appear and answer a charge of burglary in the second degree and larceny before the court of criminal correction on a day certain and on any future day to which the case should be continued, and not to depart without leave of said court. In form and substance the bond complies with the statute in every particular. Sec. 5134, R. S.

1909; State v. Epstein, 186 Mo. 100; State v. Davidson, 20 Mo. 407; State v. Potts, 60 Mo. 368; State v. Egermann, 172 Mo. 305.

WILLIAMS, J.—This is an appeal by the surety from a judgment rendered against him in the circuit court of the city of St. Louis, in a proceeding by *scire facias,* upon a forfeited recognizance.

On May 13, 1916, the appellant, as surety, executed before the judge of the St. Louis Court of Criminal Correction, the following recognizance:

State of Missouri,  } ss.
City of St. Louis.   }

St. Louis Court of Criminal Correction.

BE IT REMEMBERED, that on this 13th day of May, in the year nineteen hundred and sixteen, personally came before me, the undersigned, Judge of the St. Louis Court of Criminal Correction, within and for St. Louis City, Leo Berger, *alias* Roy Boerchers, as principal, and I. Grodsky, as security, and acknowledge themselves, jointly and severally, to owe the State of Missouri the sum of fifteen hundred dollars, to be levied on their respective goods and chattels, lands and tenements;  yet upon condition that the said Leo Berger, *alias* Roy Boerchers, shall personally appear before the St. Louis Court of Criminal Correction Div. No. 2 on the 22nd day of May, A. D., 1916, at the opening of said court at ten o'clock in the forenoon of said day, then and there to answer a charge of burglary in second degree and larceny, and shall also appear on any future day to which this said cause may be continued, and shall not depart the said court without leave thereof, then this recognizance to be void, otherwise to remain in full force and effect.

LEO BERGER (SEAL)
I. GRODSKY (SEAL)

Taken and certified the day and year aforesaid.
Residence of Principal 1400 Monroe.

BENJAMIN F. CLARK,
Judge of the St. Louis Court of
Criminal Correction.

On *June 2, 1916,* the court of criminal correction made its record stating that both the principal and surety of said bond were called on June 2, 1916, to come into court to save their recognizance, but that they made default, whereupon it was ordered by the court that the cause be certified to the circuit court.

On June 6, 1916, the said circuit court entered a judgment of forfeiture and ordered the issuance of a writ of *scire facias,* which was afterwards done and served upon the surety.

Thereafter appellant filed a demurrer to the writ, which was overruled. The appellant thereupon filed a general denial by way of answer and the cause proceeded to trial and judgment as above mentioned.

Such further facts or absence of facts as shall be necessary to an understanding of this review will be stated in the course of the opinion.

I.   It is first contended by appellant that the portion of the recognizance which undertook to require the appearance of the principal *"on any future day to which this said cause may be continued,"* was without authority of law and therefore could not be made the basis of a forfeiture of the recognizance.

Appearance On Any Day.

In this behalf it is insisted that the judge of the St. Louis Court of Criminal Correction, acting as an examining magistrate in felony cases, could condition the recognizance upon the appearance of the defendant only to a day certain, and was without authority to further condition such recognizance upon the appearance of the defendant on any future day to which the examination might be continued, citing in support thereof the following cases, to-wit: State v. Bobb, 39 Mo. App. 543; State v. Lewis, 61 Mo. App. 633; State v. Mackey, 55 Mo. 51; Allen v. Ice Co., 196 Mo. 435, and State v. Charles, 207 Mo. 40.

After a careful consideration of the point, including a review of the cases cited, we are unable to allow the contention made.

Section 7, page 2543, Revised Statutes 1899, in defining the powers of the judge of the St. Louis Court of Criminal Correction, provides that "in cases of felony, he shall have and may exercise, all the powers of an examining magistrate."

The powers of an examining magistrate in taking a recoginance for the defendant's appearance for preliminary examination in cases of felony are stated in Section 5027, Revised Statutes 1909, which is as follows:

"Sec. 5027. A magistrate may adjourn an examination of a prisoner pending before himself, from time to time as occasion requires, not exceeding ten days at one time, and to the same or any different place in the county, as he deems necessary; and for the purpose of enabling the prisoner to procure the attendance of witnesses, or for other good and sufficient cause shown by said prisoner, said magistrate shall allow such an adjournment on the motion of the prisoner. In the meantime, if the party is charged with an offense not bailable, he shall be committed; otherwise he may be recognized, in a sum and with sureties to the satisfaction of the magistrate, for his appearance for such further examination, and for want of such recognizance he shall be committed. [R. S. 1899, sec. 2448.]

It will be noticed that the above statute after providing for continuances of the examination "from time to time as occasion requires," etc., proceeds with the declaration that *"in the meantime, . . . he may be recognized"* (when the offense is bailable) . . . *for his appearance for such further examination."*

Upon the broad and comprehensive language of the statute we have no difficulty in arriving at the conclusion that the examining magistrate may condition the recognizance upon the appearance of the accused on not only a day certain but also in addition thereto on, "any future day to which the cause may be cotinued," as was done in the case at bar. By this method the accused does in truth, and in fact, become recognized "for his appearance for such further examination."

One of the very purposes of the above statute is to provide a method by which the accused may, in a proper case, be released under bail, until the final determination of the examination. How that purpose

could be more greatly subserved by requiring the accused to have his sureties come into court, and sign a new recognizance upon each continuance of the case, as appellant's construction would require, we are at a loss to understand. Such procedure would in no manner result in added protection to the State. Its only result would be to cast an unnecessary and harrassing burden upon the accused. The language of the statute under review does not justify such a construction.

We are unable to discover wherein the above cases cited by appellant are in point here. In the Bobb case, the principal was recognized to appear on a day certain, before a justice of the peace for examination. He appeared on the day designated, the examination was completed, and the magistrate announced his final decision in the cause. Thereafter the justice and constable permitted the accused to leave for the purpose of procuring bail for his appearance in the circuit court. He never returned, and it was held that the surety was discharged from liability. Other points of difference might also be mentioned, but the foregoing is sufficient to show that the point here presented was not there involved.

The Lewis case merely undertakes to follow the Bobb case. An examination will disclose, however, that the recognizance in the Lewis case was controlled by an entirely different statute.

The Mackey case considered a recognizance originally given in the circuit court and was based upon an entirely different statute.

The recognizance held in judgment in the Ice Company case was based upon Section 2759, Revised Statutes 1899, afterwards amended in 1901, and now Section 4978, Revised Statutes 1909, being the statute dealing with recognizances in misdemeanor cases.

In the Charles case the court merely held that the appearance and plea of guilty by the principal, has the same effect upon the liability of his sureties as a verdict of guilty.

An interesting discussion of some of the above cases will be found in the case of St. Louis v. Henning, 235 Mo. 44, to which the curious may refer.

II.   The recognizance in the case at.bar required the appearance of the principal before the court of criminal correction on *May 22*, 1916, and on "any future day to which this said cause may be continued." The Continuance. record offered in evidence shows that a record of default was entered in said court because the principal failed to appear on *June 2, 1916*, but the record which was offered in evidence nowhere shows that the cause had been duly continued to June 2nd.   Of course if the cause had not been continued to that day the terms of the recognizance would not have required the appearance of the principal on that day, and under such circumstances the magistrate would have been without authority to enter up the record of default.   The allegation of the writ of *scire facias*, to the effect that the cause had been continued to the 2nd day of June, was not admitted by the pleadings, but on the other hand was denied, and the question of fact thus raised was put at issue.

Appellant contends that by reason of the absence of proof of such a continuance the evidence was insufficient to support the judgment.   We are of the opinion that this point is well taken.   This was one of the material allegations of the writ and the burden of proving such allegation (upon issue made) was upon the State.   [State v. Gorley and Cloud, 2 Iowa, 52; Goodin v. State, 14 Tex. App. 443; General Bonding & Casualty Ins. Co. v. State, 73 Tex. Cr. R. 649.]

For the reasons stated above, it follows that the judgment should be reversed and the cause remanded. It is so ordered.   All concur.