**STATE of Missouri, Respondent,**

v.

**Ronnie Lynn BATSON, Defendant,**

**C & M Bail Bonds, Inc., Appellant.**

**No. 15726.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 10, 1989.

William McCullah, Hudkins & McCullah, Springfield, for appellant.

Mark Rundel, Pros. Atty., Galena, for respondent.

HOLSTEIN, Chief Judge.

The question presented in this appeal is whether a surety on a pretrial bail bond containing the standard conditions required by Supreme Court Rule 33.01 may be held liable when a defendant, after pleading guilty, being sentenced and granted probation, fails to appear at a probation revocation proceeding. We hold the surety is not liable.

On July 6, 1987, defendant Ronnie Lynn Batson was charged by information with the Class B misdemeanor of driving while intoxicated, § 577.010,[1] and driving with an "expired license," apparently in violation of § 302.020. A bail bond in the sum of $1,100, with appellant C & M Bail Bonds, Inc. as surety, was posted. It contained the standard conditions found in Rule 33.-01(c) and embodied in Supreme Court Form No. 30:

> [T]hat the accused will appear in the court, or in any other court, trial or appellate, in which the case may be prosecuted or appealed, from time to time as

---

1. Unless otherwise indicated, all references to statute are to RSMo 1986, and rule references are to Missouri Rules of Court (20th ed. 1989).

required to answer the criminal charge; that he will submit to the orders, judgment and sentence and process of any court having jurisdiction thereof; and that he will comply fully with any conditions imposed by the court in granting release.

On August 25, 1987, defendant appeared before the associate circuit judge. He entered his plea of guilty to the driving while intoxicated charge. The driving without a license charge was dismissed. Defendant was sentenced to thirty days in jail and fined $300. The jail sentence was suspended and defendant was placed on probation for one year to be supervised by the "State Probation Office." The conditions of probation included reporting as directed to his probation officer and paying $50 per week on his fine and court costs. No further court appearances were required.

On February 5, 1988, the trial court received a violation report indicating Batson had failed to report to his probation officer as directed and had failed to pay any installment of court costs after September 16, 1987. A warrant was issued for defendant's arrest, and proceedings were commenced to forfeit the bail bond. Following a hearing on April 19, 1988, the court found the defendant had not appeared to answer the probation violation report and judgment was entered against the appellant. This appeal followed the entry of judgment.

■ A bail bond has been described as a solemn contract "that the defendant shall appear and abide the orders of the court and in the event of his default [,the sureties] are bound by their obligation." *State v. Hinojosa,* 271 S.W.2d 522, 524 (Mo.1954). Such recognizances "are not taken to enrich the treasury.... [T]heir obvious and main purpose is the enforcement of the criminal laws that defendant appear for trial or sentence." *Id.* The effect of a bail bond is to place the defendant in the custody of his sureties who are under a duty to produce him before the court. Annotation, *Bail: Stage of Proceedings at Which Sureties Are Discharged in Criminal Case,* 20 A.L.R. 594, 596 (1922). The infi-

nite number of conditions that may appear in a bail bond, combined with differing statutes employed at different times and in different states, have resulted in various interpretations of bail bond conditions and prevented formulation of any general rules as to the point in a proceeding at which a pretrial bail bond surety is released from liability. Annotation, *Bail: Duration of Surety's Liability on Pretrial Bond,* 32 A.L.R.4th 504, 509 (1984).

■ The early Missouri cases took pains to construe the conditions of a bail bond so as to limit the liability of the surety. In those cases our appellate courts "indicated in no uncertain terms their unwillingness to extend the obligation of sureties beyond what is clearly contemplated by the terms employed in the conditions of the bond." *State v. Charles,* 207 Mo. 40, 105 S.W. 609, 611 (1907). In its zeal to limit a surety's liability to obligations "clearly contemplated," the court held that a condition that the defendant appear, answer the information, " 'and not depart the court without leave' " did not obligate the surety after the defendant appeared and entered a plea of guilty, but failed to appear a few days later for sentencing. *Id.* 105 S.W. at 609–10. That same zeal was underscored again. A condition in a bail bond that a defendant appear on a specified date and " 'on any future day to which this said cause may be continued' " was held not violated where the record failed to show that the case was actually continued to the day upon which the defendant failed to appear. *State v. Berger,* 276 Mo. 292, 207 S.W. 777, 778–79 (1918).

Early decisions also held that notwithstanding clear terms in the bond, a surety was not obligated when the conditions were violated unless such conditions were specifically authorized by rule or statute. Such unauthorized conditions were regarded as "mere surplusage and ineffectual." *State v. McCullough,* 27 S.W.2d 1045, 1046 (Mo. App.1930). Thus, it was held that no authority existed for exacting or forfeiting a bond conditioned on payment of a fine. *State v. Cobb,* 44 Mo.App. 375, 376 (1891). Similarly, absent statutory authority, condi-

tions of a bond requiring a defendant to appear at terms of court to which the case may be continued were surplusage and unenforceable against a surety. *State v. McCullough, supra.*

*Kinder v. Richeson,* 264 S.W. 982 (Mo. banc 1924), reflects a relaxation from the view expressed in the cases cited above. There the court noted that even though there was no express statutory provision providing for a bond between the return of the verdict and the rendition of a delayed or suspended sentence, "the bond may cover the appearance and trial, and be further conditioned to abide sentence and judgment." *Id.* at 983.

Current statutes and rules also seem to indicate a departure from our courts' former tendency to narrowly circumscribe the obligation of the surety on a pretrial bail bond. A judge before whom a case is pending is granted discretion to set such conditions for release as "will reasonably assure the appearance" of the accused. § 544.455; Rule 33.01(b). "The release shall be upon condition that the accused will ... submit to the orders, judgment and sentence and process of any court having jurisdiction thereof; and that he will comply fully with any conditions imposed by the court in granting release." Rule 33.-01(c).

Our research discloses no Missouri case which precisely decides when a surety's liability terminates under the present statute and rules. However, *United States v. Wray,* 389 F.Supp. 1186 (W.D.Mo.1975), purported to apply our state's law when a defendant failed to appear after execution of his sentence was stayed approximately three weeks after sentencing to allow defendant to get his affairs in order. After discussing *State v. Charles,* and *Kinder v. Richeson,* the court held that a condition in a bond requiring that a defendant " 'abide any judgment entered in such matter by surrendering himself to serve any sentence imposed' " was unambiguous, and the surety was liable when the defendant absconded after his sentencing and failed to appear to begin serving the sentence. *United States v. Wray, supra.*

We must look to the decisions of courts of other states to find a case in which the precise question raised here was decided. *People v. Doe,* 172 Cal.App.2d Supp. 812, 342 P.2d 533 (1959), involved a bail bond having a provision that a defendant would " 'at all times hold him/herself amenable to the orders and process of the court.' " *Id.* 342 P.2d at 535. There the defendant had appeared for judgment and was granted probation conditioned on serving thirty days in jail and paying a $250 fine in five monthly installments. The defendant failed to pay the third installment. The trial court summarily directed forfeiture of the bail bond. *Id.* On appeal the court noted that prior to granting probation, a surety can terminate his obligation by surrendering the defendant to the jailer. However, after probation is granted, surrendering the defendant would be an empty gesture because there was no warrant or order of commitment. The defendant cannot be in the "technical custody" of his bondsman when he is free under an order of probation. *Id.* 342 P.2d at 537. Consequently, the surety was not liable when the defendant failed to comply with a condition of probation.

In Texas the surety's obligation was held to be terminated when a defendant was granted probation, no notice of appeal was filed, and all after-trial motions were overruled. *McConathy v. State,* 544 S.W.2d 666, 668 (Tex.Crim.App.1976). The obligation of the surety was also held terminated when a probation was granted under Texas' deferred adjudication statute, even though a deferred adjudication is not considered a final conviction under Texas law. *Reed v. State,* 702 S.W.2d 738, 741 (Tex.Ct.App.1985). In both situations, the obligation of the surety terminated when the order of probation was finally determined. Thus, a probation hearing would not be considered a "subsequent proceeding" as contemplated by the Texas statute relating to the conditions required in a bail bond.

The facts here present a situation in which the defendant appeared and entered a plea of guilty which was accepted by the court. Judgment was entered assessing a

jail sentence and a fine, and a suspended execution of sentence and probation was granted. The suspended execution of sentence and probation is one of the dispositions authorized by statute. § 557.011.2(4). No further appearance was required by the defendant. He was not merely being given a temporary stay of execution to obtain funds to pay his fine or, as in *United States v. Wray, supra,* to get his affairs in order before the beginning of the jail sentence.

■ Drawing on the principles in the California and Texas cases, failure to appear to answer a probation violation is not a failure to "submit to the orders, judgment and sentence and process" contemplated by Rule 33.01(c). Ordinarily a surety may surrender the defendant on a bail bond and thereby discharge his liability. Rule 33.13. While a defendant is free on probation, a surety cannot terminate his liability by surrendering a defendant to the court as there is no warrant or commitment for the defendant. Furthermore, a release on probation may impose conditions more or less stringent, but certainly different, than conditions contained in the bail bond. It is patently unfair to hold a surety liable who cannot exonerate his liability by surrendering the defendant and who has not consented to the conditions of probation.

Whether the obligation of a surety may continue after sentencing, as suggested by *Kinder* and held in *Wray,* need not be decided. We only hold that a surety on a defendant's pretrial bail bond is not liable when a defendant fails to appear in court for a post-sentencing probation violation hearing. The judgment against appellant is reversed.

CROW, P.J., and GREENE, J., concur.