State v. Mackey.

STATE OF MISSOURI, Defendant in Error, vs. J. B. MACKEY AND N. P. THOMPSON, Plaintiffs in Error.

1. *Scire facias bond—Appearance—Forfeiture at term subsequent to, etc.*— Where pursuant to the terms of his recognizance a prisoner presented himself at the term of court therein named and remained in court during the term ready to obey its orders, and no measures were taken to commit him or otherwise secure his appearance at any subsequent term, on adjournment the bond would be discharged, and could not be forfeited by the failure of the prisoner to present himself at a subsequent term.

*Error to Cass Circuit Court.*

*Wm. M. Stearns,* for Plaintiffs in Error:

I. When a defendant is recognized in a criminal case to appear at a subsequent term of the court, that the obligation continues until the record is made discharging him from such recognizance. (State vs. Randolph, 22 Mo., 474.)

*H. Clay Ewing, Att'y Gen'l,* for Defendant in Error.

VORIES, Judge, delivered the opinion of the court.

This was a proceeding by *scire facias* upon a forfeited recognizance. The facts were as follows:

At the March term of the Circuit Court for Cass county an indictment was found by the Grand Jury of said county ·against the defendant Mackey, for unlawfully selling spiritous and alcoholic liquor, without having subscribed or filed an oath not to adulterate the same, or made or filed the bond according to law in such cases made and provided. A *capias* was afterwards issued on said indictment, by virtue of which the sheriff of said county arrested Mackey, who in order to procure his discharge from said arrest, together with defendant Thompson, executed and delivered to said sheriff the following recognizance or bond.

"Know all men by these presents that we, J. B. Mackey, as principal, and N. A. Thompson, as security, are held and firmly bound unto the State of Missouri in the sum of two hundred dollars, for the payment of which said sum, well and truly to be made, we bind ourselves, our heirs, administrators and ex-

ecutors firmly by these presents, signed with our names, and sealed with our seals, and dated this 15th day of April, 1868. The condition of the above bond is such that, if the above bounden J. B. Mackey shall make his personal appearance before the Judge of the Circuit Court, within and for the county of Cass, in the State of Missouri, at the court house in the city of Harrisonville, on the first day of the next term of the Circuit Court, to be begun and held at the court house in the city of Harrisonville, on the third Monday after the second Monday in September next, to answer unto the State aforesaid, for indictment now pending against him in our said court—the one for selling liquor without filing oath and bonds—and not depart from said court without leave thereof ; then this bond to become null and void, otherwise to remain in full force in law. Given under our hands this day and date above written."

This bond was signed and sealed by the parties and returned into the clerk's office of Cass county as the law directs This is the last that is heard or known of the bond, or case, so far as appears by the record, until the 5th day of the October term of said Circuit Court, for the year 1869, at which term the following entry appears of record :

"State of Missouri, Plaintiff, against J. M, Mackey, Defendant, for selling liquor without filing oath and bond.

"Now at this day comes the State who prosecutes in this behalf, by her Circuit Attorney, and on motion of said plaintiff by her said Circuit Attorney, this cause is continued at the cost of said plaintiff."

The next entry appearing in the cause is made on the 8th day of April at the April term of said court for the year 1870, at which time it appears that the Circuit Attorney appeared on the part of the State ; had the defendant Mackey, called and also the defendant Thompson called as the surety of Mackey, neither of them made any appearance. The bond or recognizance was then forfeited ; *scire facias* ordered against the defendants returnable to the next term of the court. The *scire facias* was issued on the 25th day of

May, 1870, returnable to the October term of said court for the year 1870. The *scire facias* recited the finding of the indictment at the April term of the court for the year 1868; the issuing of a *capias* on said indictment, on the 9th day of April, 1868; the arrest of defendant Mackey, by virtue of said writ, on the 15th day of April 1868; the making of the bond or recognizance by defendants on the last named day, and the conditions thereof; that defendant Mackey at said October term of said court, although appearing, did depart said court without leave thereof, whereby his said recognizance bond was forfeited to the State of Missouri. The sheriff was therefore commanded to summon the defendants to be and appear at the October term of the court to show cause, &c. At the October term of the court for the year 1870, the defendants appeared to the *scire facias* and obtained leave of the court to file an answer thereto in vacation; and it appears, that they filed their answer on the 18th day of January 1871. The defendants in their answer deny that the defendant Mackey, departed said court without leave thereof, whereby said recognizance bond was forfeited to the State of Missouri, and a forfeiture taken by said State; they deny that there was any forfeiture of said bond, or that a lawful forfeiture thereof was taken by said State.

And defendants then averred that said Mackey appeared at said October term for the year 1868, as required by the conditions of said recognizance bond, that he remained in attendance on said court at its said term until the adjournment thereof; that said cause was continued at said term by the State of Missouri, and that no forfeiture of said recognizance bond was taken at said October term, 1868, nor was. any lawful forfeiture thereof ever taken at any time. Wherefore judgment is prayed.

No replication was ever filed to this answer, but at the October term, 1871, the only entry made in the cause after the filing of the answer, reads as follows:

"Now at this day comes, the State aforesaid by her Circuit Attorney, and on his motion this cause is taken up and sub-

mitted to the court for trial, whereupon the court doth find that heretofore, to-wit: On the 15th day of April A. D., 1868, said defendants entered into a recognizance bond unto the State of Missouri, in the sum of two hundred dollars each, conditioned that the above named defendant, J. M. Mackey, should make his personal appearance, at the next following term of the court, then and there to answer unto the State of Missouri, on an indictment for selling liquor without filing oath and bond. The court further finds that at the April term A. D., 1870, said surety failed to produce the body of said defendant into court whereby said recognizance bond was forfeited to the State aforesaid, and a forfeiture thereof taken at said term. Whereupon the court doth find that said defendants J. M. Mackey and N. A. Thompson, are indebted to the State of Missouri in the sum of two hundred dollars, and that the same is entitled to bear interest at the rate of six per cent. per annum. It is therefore considered by the court here, that said plaintiff recover against the said defendants J. M. Mackey and N. A. Thompson, the said sum of two hundred dollars so forfeited to the State as aforesaid, together with her costs and charges in this behalf expended and that she have thereof execution, interest 6 per cent."

The defendants on the same day of the rendition of the judgment, filed their motion for a new trial, and assigned as reasons therefor that the verdict of the court is against the law of the case, and that the court erred in finding for the plaintiff.

The court overruled this motion and the defendants at the time duly saved their exceptions and have brought the case to this court by writ of error.

No evidence is preserved in this case by the bill of exceptions, nor in fact does it appear that any was given or offered at the hearing. It would seem from the whole record that the case was submitted to the court and tried upon the record appearing in the case. The court made a special finding of facts in the case and rendered judgment upon the facts found, and the facts found by the court correspond with the previous

record in the case. The question presented for the consideration of this court, is, did the facts found by the court authorize the judgment rendered by the court ? For I take it to be correct to say, that where a special finding of facts are made, and judgment rendered thereon, it at least is equivalent to a declaration of law on the part of the court that the facts found are sufficient in law to authorize the judgment rendered. The finding of the court in this case is, that the defendants had bound themselves by their bond or recognizance, (which was dated on the 15th day of April 1868,) that the defendant Mackey should appear at the next following term of the court. (The next term of the court being holden by law in October 1868.) The court further finds that at the April term 1870, said surety failing to produce the body of said defendant in court, whereby the said recognizance and bond was forfeited to the State, and forfeiture thereof taken at said term, the court therefore finds that the defendants are indebted to the State and that an action hath accrued, &c., and proceeds to render judgment. The record in the cause shows the same state of facts found by the court. It appears from the record that at the October term of said court for the year 1869, the only entry in the cause before the judgment was that the cause was continued at the motion of the State, and at the April term of the court of the year 1870, the parties were called and required to appear and the bond was forfeited. The terms of the bond or recognizance are, that Mackey should appear at the October term of the court for the year 1868, and not at the April term of the court in the year 1870.

If the defendants appeared at the October term in the year 1868, as required by the bond, and remained in court the whole term, ready to obey the order of the court until the term was adjourned, and no measures were taken by the court to commit the defendant or otherwise secure his appearance at any subsequent term of the court, upon the adjournment of that term of the court, the bond or recognizance would become discharged and of no further effect and could

not be forfeited by the failure of the defendant to appear at some subsequent term of the court. (Smith vs. The People, &c., 1 Park. Crim. 317; Keefhaver vs. Commonwealth, 2 Penn., Penrose, R. 240; Kiser vs. The State, 13 Ind., 80.) The same doctrine is recognized in Swank vs. The State of Ohio, 3 Ohio State R., 429. It follows that from the special facts found by the Circuit Court and which are sustained by the other parts of the record, the plaintiff had shown no right to recover.

The judgment will therefore be reversed. The other judges concur.