## ALLEN, Appellant, v. CAPE BREWERY & ICE COMPANY.

**Division Two, May 22, 1906.**

1. **RECOGNIZANCE: Forfeiture: Appearance: Renewal.** Where a defendant enters into a recognizance before a justice of the peace for his appearance on a day certain, and on that day appears, and the cause is by agreement postponed, and the bond is not renewed, the recognizance is discharged, and thereafter the justice has no jurisdiction to declare a forfeiture.

2. **FALSE IMPRISONMENT: Recognizance: Forfeiture: Arrest of Principal.** An information being lodged with a justice of the peace charging plaintiff with a violation of the dramshop laws,

he was arrested in December, and he as principal and the de-
fendant as surety entered into a written recognizance for the
appearance of plaintiff on a day certain in January. On that
day he did appear, and by agreement the case was postponed
to another day, with no further steps taken to secure his ap-
pearance, and the case was postponed from time to time till
October, when the case was called for trial, but plaintiff made
default, and recognizance was forfeited, and a copy of the
docket entries in relation to the cause and forfeiture certi-
fied to the circuit court, where the forfeiture was set
aside and the plaintiff discharged. Before his discharge, how-
ever, the defendant surety caused plaintiff to be apprehended
and delivered to the sheriff, and he now brings this suit against
the surety for false imprisonment. *Held,* that as plaintiff ap-
peared at the date certain in January on which the recogni-
zance called for his appearance, and the case was by consent
of parties postponed without any steps being taken to secure
his appearance, the recognizance was discharged, and could not
be forfeited in October, the time to which the case was finally
postponed, but the forfeiture by the justice was without juris-
diction and void, and there was no authority for plaintiff's ar-
rest and delivery to the sheriff. Nor was any more authority
conferred on the circuit court with respect to the recognizance
than the justice had, and the *scire facias* issued out of the cir-
cuit court was without jurisdiction and void. *Held,* also, that,
under the evidence, plaintiff was entitled to have his case for
false imprisonment go to the jury.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Edw. D. Hays* for appellant.

(1)   False imprisonment is an unlawful physical
restraint by one of another's liberty. Bishop, Non-
Contract Law, sec. 206.   (2)   If an officer or private
person, assuming to act by command or permission of
the law, detains one without its authorization in fact,
whether believing himself to have the authority or not,
he must answer to the arrested person for false im-
prisonment. Bishop, Non-Contract Law, sec. 209.   (3)
Liability is not confined to the party actually restrain-

ing and confining plaintiff, but extends to all persons instigating the unlawful seizure. Monson v. Rouse, 86 Mo. App. 97. (4) The arrest of Allen was without authority. Allen appeared for trial according to the terms and condition of his recognizance. The recognizance could not be made to require more than one appearance "at the time and place appointed," and any other condition or requirement imposed by the justice is void. R. S. 1899, secs. 2759, 2762; State v. Bobb, 39 Mo. App. 543; State v. Lewis, 61 Mo. App. 633; State v. Mackey, 55 Mo. 51. Therefore, after the day to which the case was continued when Allen gave bond, namely, January 22, 1900 (Allen having appeared, as the record shows), defendant was no longer bound as surety, and the arrest was wholly without authority. State v. Bobb, 39 Mo. App. 543; State v. Lewis, 61 Mo. App. 633. Allen did not neglect to appear so as to violate the provisions of the recognizance. R. S. 1899, sec. 2793. The proceedings on the forfeiture were void. R. S. 1899, secs. 2793-2798. (5) "Evidence tending to show that plaintiff was restrained of his liberty at defendant's instance, by reason of process which a magistrate had no right to issue in the premises, is sufficient to sustain an action for false imprisonment." Borger v. Langenberg, 97 Mo. 390. In a case for false imprisonment it is only necessary to show intentional detention of the person by another not authorized by law. McCaskey v. Garrett, 91 Mo. App. 354. (6) The court erred in sustaining a demurrer to the evidence. Plaintiff is entitled to have the facts reviewed as favorably to him as the testimony permits, and to enjoy the benefits of every reasonable inference therefrom. Buck v. Railroad, 108 Mo. 179; Pauck v. St. L. Dressed B. Co., 159 Mo. 467; Shermerhorn v. Herald, 81 Mo. App. 461; Dorsey v. Railroad, 83 Mo. App. 528; Steube v. Christopher S. A. I. F. Co., 85 Mo. App. 640.

*Robert L. Wilson* for respondent.

If the process on its face is regular, and from a court or magistrate having the jurisdiction, an arrest will be justified, though prior steps were erroneous. There will be no liability to one authorized to make the arrest, even though the one arrested is privileged from arrest. The writ of *scire facias* issued from the office of the clerk of the Madison county circuit court was regular. 3 Bishop on Non-Contract Law, secs. 211, 217; Page v. Citizens Banking Company, 36 S. E. 418; Cottam v. Oregon City, 98 Fed. 570. By virtue of the writ of *scire facias* the respondent had a legal right and it was his bounden duty to deliver appellant to the sheriff of Madison county. By its act in executing the recognizance it had taken him from the law, it was its duty to return him to the law when he did not return of his own volition. R. S. 1899, secs. 2550, 2551; Wyatt v. Hill, 71 Vt. 468. The writ of sci. fa. issued by the circuit clerk being valid in form, the act of defendant taken by authority of the statute in delivering the appellant into custody of the law does not subject it to an action for false imprisonment. The writ of sci. fa. can not be attacked collaterally, and it would be a perfect shield to respondent even if it had caused the clerk to issue it, which it did not. Hallock v. Dominy, 69 N. Y. 238; Whitten v. Doolittle, 68 Fed. 405; Kingsburry Case 106 Mass. 225. By virtue of sections 2550 and 2551, Revised Statutes 1899, the sureties on a forfeited recognizance are created quasi-ministerial officers and have a legal right to take the principal in charge and deliver him to the sheriff, and in doing so are not subject to action for false imprisonment. Want of lawful authority to make an arrest is an essential element to the offense in an action for false imprisonment. Limbeck v. Gervy, 39 N. Y. Supp. 95; Atwood v. Atwater (Neb.), 61 N. W. 574; Mesemore v. Ihlenfeldt (Wis.), 62 N. W.

552; Bierwirth v. Peironnet, 65 Mo. App. 431; Taaffe v. Slevin, 11 Mo. 507; Lark v. Bonde, 4 Mo. App. 186.

BURGESS, P. J.—This is an action by plaintiff against the defendant for five thousand dollars actual and five thousand dollars punitive damages for false imprisonment. After all of plaintiff's evidence was in the defendant asked an instruction in the nature of a demurrer thereto, and directing the jury to return a verdict for defendant, which instruction the court gave, and the jury returned a verdict as directed. After ineffectual motion to set the verdict aside and for a new trial, plaintiff appeals.

On the 15th day of December, 1899, the prosecuting attorney of Madison county filed with a justice of the peace of said county an information charging the plaintiff herein with unlawfully selling intoxicating liquors to a minor, under the age of twenty-one years, without the written permission of the parents, master or guardian of said minor first had and obtained. On the same day the information was lodged with the justice of the peace, he issued a warrant for the arrest of Allen, by the authority of which said Allen was duly arrested on the 18th day of December, 1899, and taken before said justice, and on the 21st day of December, 1899, he entered into a recognizance to the State of Missouri in the sum of one hundred dollars, as principal, with the Cape Brewery & Ice Company and H. R. Willer as his sureties, for his appearance personally before said justice of the peace on the 22d day of January, 1900, in the county of Madison aforesaid, to answer the charge alleged against him in said information and not depart without leave of said justice, which recognizance was then and there approved and filed with said justice. The cause, by consent of the parties, was continued from time to time, the last continuance being to the 4th day of October, 1900. On that day the defendant therein was called for trial, but made default.

The sureties upon his recognizance were also called, but made no response; whereupon the justice entered a forfeiture of said recognizance and ordered that the recognizance and a copy of the entries upon his docket in relation to said cause and forfeiture be certified to the circuit court of said county of Madison, which was done by him in conformity to said order. Thereafter, before final judgment was rendered upon said recognizance, the Cape Brewery & Ice Co. and H. R. Willer, sureties upon said recognizance and bond, procured from the clerk of said circuit court a certified copy thereof, and defendant company, by its agent, caused Allen to be apprehended and delivered to George Heltibrand, sheriff of Madison county.

On September 26, 1901, the forfeiture of the recognizance was set aside by the circuit court of Madison county, and Allen was released from custody. Plaintiff then instituted this suit.

It is claimed by plaintiff that his arrest and surrender to the sheriff by the defendant company was without authority, because he appeared for trial before said justice on the 22d day of January, 1900, according to the terms and conditions of said recognizance, and that it and all proceedings thereon were without authority and void.

The effect of the recognizance was to bind the defendant to appear before Justice Alumbaugh on the 22d day of January, 1900, at which time he appeared before said justice in compliance with the terms and conditions of the recognizance, but the cause was postponed to another day, and finally until the 4th day of October, 1900, but no default or judgment of forfeiture was entered by the justice until the failure of Allen to appear upon the day last named. It was then too late to render judgment of forfeiture, as the recognizance had expired. Section 2759, Revised Statutes 1899, provides that for good cause shown, the justice may postpone the trial of the cause to a day certain, in which

case he shall require the defendant to enter into a recognizance, with sufficient security, conditioned that he will appear before the justice at the time and place appointed, then and there to answer the charge alleged against him in the information. Section 2760, Revised Statutes 1899, provides that, if the defendant shall fail or refuse to enter into recognizance, the justice shall commit him to the common jail of the county, or other prison, there to remain until the day fixed for the trial.

As Allen appeared before the justice on the 22d day of January, as required by the recognizance, to answer the charge preferred against him in the information, and remained until the case had been postponed, by agreement, to another day, and no further steps were taken to secure his appearance before the justice, the recognizance was discharged and could not be forfeited at the time to which the case was finally postponed, to-wit, October 4, 1900. [State v. Mackey, 55 Mo. 51.] It follows that the default and forfeiture entered by the justice were without jurisdiction, and void, and there was, therefore, no authority for Allen's arrest and delivery to the sheriff. Nor was there any more authority conferred upon the circuit court with respect to the recognizance, by reason of the filing of a certified copy of the docket entries of the justice and of the recognizance in the office of the clerk of the circuit court of Madison county than the justice himself had, and the *scire facias* issued was also without the jurisdiction of the circuit court, and void. Under the evidence the plaintiff was entitled to have his case go to the jury.

The judgment is reversed and the cause remanded. All concur.