THE CITY OF ST. LOUIS v. HARRY YOUNG and HENRY HENNING; HENNING, Appellant.

Division One, June 1, 1911.

1. **ABSTRACT: Bill of Exceptions.** Although the appellant's abstract of the record states generally that a bill of exceptions was signed and timely filed, yet if it does not further show that some matter of exception was preserved in the bill, nothing but the record proper can be considered on appeal.

2. ————: ————: **Recognizance: Effect of Ordinance.** The effect of certain ordinances relating to matters of practice before a police judge, in a case where judgment was rendered on a recognizance bond given in that court against a surety, from which an appeal was taken to the St. Louis Court of Criminal Correction, cannot be considered on appeal from a judgment

against said surety rendered by the latter court, where it does not appear from the abstract that such ordinances were before the court, either by averment in the *scire facias* writ or the return, or as evidence.

3. **ORDINANCES: Judicial Notice.** The St. Louis Court of Criminal Correction does not take judicial notice of the ordinances of the city.

4. **RECOGNIZANCE: No Evidence: Presumption.** Where there is no bill of exceptions preserved in the abstract, it will be presumed, in an appeal from a judgment against a surety on an appearance bond given in a police court, that the evidence showed the necessary authority in the police court to take the recognizance in the form stated in the writ, so far as such presumption is necessary to sustain the judgment against the surety, and also that the evidence corresponded with the writ, and was sufficient, if the statements in the writ are sufficient, to support the judgment.

—————: **Appearance on Day Named: Continuance.** Where the writ recites that the principal in the recognizance was required to appear on the 17th day of September, then and there to answer a charge of violating an ordinance of said city, "and shall not depart thence without leave first being obtained from said police justice," and that on said appearance day the hearing was continued to the 25th day of September, on which day he failed to appear and the recognizance was forfeited, it will not be held that the recognizance could be forfeited only for his failure to appear on the day of the hearing, the 17th, nor that having appeared on that day it had performed its office and he was discharged. The recognizance is an obligation that he would remain subject to the order of the court until his trial took place or he was otherwise finally discharged.

6. —————: **Till Trial or Discharge: Sec. 2800.** When sureties on a recognizance undertake that a defendant shall appear before a court at a term specified for trial, their obligation, under Sec. 2800, R. S. 1899, is that he will remain in court for all the purposes of his case, and that when the case is continued no new bond is necessary.

Appeal from St. Louis Court of Criminal Correction.
— *Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*C. Orrick Bishop* for appellant.

(1) The bond or recognizance taken by the officer in charge, at the time, of the station was not such a

bond or recognizance as he was authorized to take; and he had no power or authority to take any bond except such as was expressly provided for by the ordinance or charter. This recognizance omitted the words "to await his trial upon the charge against him," which are expressly required by the ordinance; and added the words, "and shall also appear on any future day to which this cause may be continued and shall not depart thence without leave being first had and obtained from said police justice," words which the officer had no authority to insert and which words are therefore mere surplusage, and of no binding force or effect. The recognizance being a creature of special statute or ordinance, for a particular purpose, could not be based upon any other condition than such as provided for by statute or ordinance. State ex rel. v. Fraser, 165 Mo. 260; State v. Lewis, 61 Mo. App. 634; State v. Crowley, 60 Me. 107; State v. Bobb, 39 Mo. App. 550. The surety undertook to enter into such a recognizance only as the law required and was not bound by any conditions which the law did not require nor authorize the officer to insert. (1) The surety then having complied with all the lawful terms of his recognizance, in having the principal in the designated court on the designated day to answer the designated charge, the recognizance was *functus officio* and the surety was released from all further obligation. State v. Bobb, 39 Mo. App. 543; State v. Lewis, 61 Mo. App. 634; State v. Moore, 57 Mo. App. 662; State v. Mackey, 55 Mo. 51; Allen v. Brewery & Ice Co., 196 Mo. 435. (2) The statute relating to the proceedings before justices of the peace, and by which the procedure before the police justice is prescribed, provides, R. S. 1899, sec. 2759, that upon good cause shown, the justice may postpone the trial to a day certain, in which case he shall require the defendant to enter into a recognizance conditioned that he will appear before the justice at the time and place appointed, then and there to answer

the charge against him. The words "and not to depart without leave" were added by an amendment, Laws 1901, p. 141. Prior to the addition of the words "and not to depart without leave" by said amendment, a condition to that effect contained in the recognizance was nugatory. State v. Lewis, 61 Mo. App. 635. And the statute further provided, sec. 2760, that upon the failure or refusal of the defendant to enter into such a recognizance, it was the duty of the justice to commit him; and the form of the recognizance is suggested in Sec. 2762. A failure of the justice to require such a recognizance released the surety upon the preceding recognizance. Allen v. Brewery & Ice Co., 196 Mo. 435. It was clearly the duty, therefore, of the police justice to have required the defendant principal, at the time of the continuance, to enter into such new recognizance, or commit him on his failure to do so.

*Lambert E. Walther* and *A. H. Roudebush* for respondent.

(1) The ordinance thus relied on as prescribing the conditions of the recognizance was neither pleaded nor offered in evidence, nor in any other manner brought to the attention of the trial court. That this court will not now take judicial notice of the ordinance. Keane v. Klausman, 21 Mo. App. 485; St. Louis v. Roche, 128 Mo. 541; State v. Gustin, 152 Mo. 108; Tarkio v. Loyd, 179 Mo. 600; Bailey v. Kansas City, 189 Mo. 503; St. Louis v. Liessing, 190 Mo. 490; Canton v. Madden, 120 Mo. App. 404; Spiro v. Transit Co., 109 Mo. App. 5; St. Louis v. Bippen, 201 Mo. 528. (2) The appellants' contention that a new recognizance should have been taken when the case was continued on September 17th, 1906, and that the failure to require it released the surety on the original bonds, is not well founded, and for these reasons: This position of appellant rests on the theory that (1) the charter and

(2) the ordinances, of the city of St. Louis have adopted and incorporated in themselves, by reference, the statutes of Missouri relating to proceedings before justices of the peace and that those statutes (R. S. 1899, sec. 2759) require a new recognizance to be taken when the case is continued. In answer to this theory we submit: (a) The charter adopts the statutory procedure only as to appeals. Obviously it has no reference to any procedure before necessity for an appeal arises. It does not undertake to adopt the statutory procedure as to taking of recognizances in the first instance, but leaves that to be regulated by ordinance. (b) The ordinance was not offered in evidence and will not now be judicially noticed. (3) Even if the provisions of the statutes of the State of Missouri relating to proceedings before justices in misdemeanors have been adopted and incorporated as part of the procedure in police court cases, then all of those statutes have been so adopted and must be so applied, and Sec. 2800, R. S. 1889, is sufficient to cure any informalities alleged to exist in the bond in question. State v. Thompson, 81 Mo. 165; State v. Morgan, 124 Mo. 467; State v. Austin, 141 Mo. 481; State v. Eyermann, 172 Mo. 294; State v. Abel, 170 Mo. 59; State v. Epstein, 186 Mo. 99.

BROWN, C.—This is an appeal by Henry Henning, surety in a recognizance for the appearance of defendant Young in the police court of the city of St. Louis to answer a charge of violating a city ordinance, from a judgment of the St. Louis Court of Criminal Correction on *scire facias*, enforcing a forfeiture of said recognizance.

Although appellant's abstract of the record states that certain objections were taken by the appellant in the course of this proceeding, and that a bill of exceptions was signed and filed, there is nothing contained in the abstract indicating what the bill of exceptions

contained, or that any action or proceeding of the court was preserved or stated in it.

The *scire facias* was issued out of the Second District Police Court of the city of St. Louis, and is, with the returns thereon, in the following words and figures:

### IN THE SECOND DISTRICT POLICE COURT.

State of Missouri, City of St. Louis, ss.

### THE STATE OF MISSOURI

To the Marshal of the City of St. Louis, Greeting:

Whereas, on the 15th day of Sept., A. D. 1906, in the city of St. Louis, Harry Young as principal and Hy. Henning as security personally appeared before John Lyon of 9th District, an officer of the city of St. Louis duly authorized by ordinance to take bonds for and in behalf of the city of St. Louis in cases of persons arrested for violation of ordinances of said city; and acknowledged themselves to be each indebted to said city in the sum of two hundred dollars, to be levied upon their respective goods, chattels, lands and tenements.

Yet upon condition, that if the said principal shall personally be and appear before the police justice of the Second District Police Court of the city of St. Louis at the Second District Police Court of said city on the 17th day of Sept., A. D. 1906, at the opening of the said police court on the forenoon of said day, then and there to answer a charge of violating an ordinance of said city, and should not depart thence without leave being first obtained from said police justice, then their recognizance to be null and void; otherwise to remain in full force and effect; and

Whereas, afterwards, on a day subsequent to said 17th day of September, 1906, named in said recognizance, to-wit, on the 25th day of Sept., 1906, to which the hearing of said case had been continued in said court, the said principal not having been discharged from said recognizance, although then and there solemnly demanded by said court to come into court according to the condition of said recognizance, came not, but made default and failed therein, and the said security, although demanded then and there by the said court to bring into court the body of said principal and save his recognizance, came not, but failed therein;

Wherefore, it was considered by said court that the recognizance of said security, as well as of said principal, be forfeited, and

Whereas, The said sum acknowledged as aforesaid from them, the said conusors, yet remain to be levied;

Therefore, we command you to make known to said principal and security, according to law, that they appear before the said

235 Sup.—4

police justice of the city of St. Louis, at the Second District Police Court of said city, on the 25th day of Oct., 1906, then and there to show cause if any they have, or anything can say, why the city of St. Louis should not have execution against them of the debt aforesaid, in form aforesaid, by them acknowledged to be due according to the force of said recognizance (now remaining in possession of said court), and have you then and there this writ, with your return thereon how you have executed the same.

Given under my hand this 25th day of Sept., A. D. 1906. By order of the Second District Police Justice.

.W. A. CARTER,
Clerk of the Second District Police Court.

And return thereon, as follows:
Return on original:

Executed this writ in the city of St. Louis on this 10th day of Oct., 1906, by delivering a true copy to within named security Hy. Henning.

GEO. P. WEINBRENNER,
City Marshal.
By J. Frank Tevis, Deputy City Marshal.

Return on *alias:*

Executed the within writ in the city of St. Louis on this 30th day of Oct., 1906. After due and diligent search by the Marshal the within named Harry Young could not be found in the city of St. Louis.

GEO. P. WEINBRENNER,
City Marshal.
By R. A. James, Deputy City Marshal.

No other writ appears in the abstract of the record, although the returns set out above seems to indicate that an *alias* was issued and returned *nihil* as to Young.

Judgment was entered in the Second District Police Court November 16, 1906, enforcing a forfeiture of the bond mentioned in the writ, from which appeal was taken by Mr. Henning, the surety, to the St. Louis Court of Criminal Correction.

In the latter court a motion was filed by appellant to quash the writ for matter apparent on its face, which was overruled, and appellant thereupon filed a return

which he designates an answer, denying all the allegations of the writ and asserting in general terms that the police court was without jurisdiction to declare a forfeiture of the bond referred to in the writ.

On June 1st, 1907, a trial *de novo* was had in the Court of Criminal Correction, resulting in the judgment against Henning, from which this appeal is taken.

I. In this case the issues of law made by the parties in their briefs are materially narrowed by the fact that, although the appellant's abstract of record states that a bill of exceptions was, during the time allowed by the court for that purpose, duly signed and filed, there is nothing from which its contents can be even surmised.

It has become the settled rule of this court that the abstract of the record should show, in some orderly and reasonable way, that the exceptions and motions are preserved in a bill of exceptions; otherwise we cannot consider them. [State v. Adkins, 221 Mo. 112, 120, and cases cited; Hays v. Foos, 223 Mo. 421; Kolokas v. Railroad, Id., 455, 460.] For this reason we are precluded from the examination of any question not raised on the face of the record proper. Applying the rule to this case, the question is whether the writ on its face is sufficient to support the judgment.

This eliminates a preliminary question raised by the appellant as to the effect of certain ordinances of the city of St. Louis relating to matters of practice before the police justice. As it does not appear from the abstract of record that any such ordinances were before the court, either by averment in the writ or return, or as evidence, we are not at liberty to assume their existence for the purposes of this case. Whatever of incongruity there may be in a rule which creates a conclusive presumption that the wandering vagrant who sojourns for a day in St. Louis knows more of its local laws than the court which, by its judgment, affords

him rest and refreshment in the city prison, has become unimportant in view of a uniform line of decisions of this court. Nothing is now better settled than that the St. Louis Court of Criminal Correction will not take judicial notice of the ordinances of the city. [St. Louis v. Roche, 128 Mo. 541; St. Louis v. Liessing, 190 Mo. 464, 490; St. Louis v. Bippen, 201 Mo. 528.] The evidence received in the trial court not being before us we must presume that it corresponded with the writ and was sufficient, if the statements of the writ are sufficient, to support the judgment.

The general power of the city to impose, collect and enforce fines for the breach of its ordinances, and to imprison for the non-payment of such impositions, necessarily includes the power to provide for and prescribe the form of recognizance to secure the appearance of the defendant to answer the accusation against him, and we must presume that the evidence showed the necessary authority to take the recognizance in the form stated in the writ, so far as such presumption is necessary to sustain the judgment.

The writ states the condition to be that the principal "personally be and appear before the police justice of the Second District Police Court of the city of St. Louis at the Second District Police Court of said city on the 17th day of Sept., A. D. 1906, at the opening of the said police court on the forenoon of said day, then and there to answer a charge of violating an ordinance of said city, and shall not depart thence without leave being first obtained from said police justice."

The writ further states, in substance, that on said appearance day the hearing of Young was continued until the 25th day of September, 1906, on which day he failed to appear and the recognizance was forfeited.

It is objected by the appellant that the recognizance could only be forfeited by the failure of Young to appear on the day named in it for the hearing, and that having appeared on that day it had performed

its office and he was discharged. This is the real and only question in the case.

It was said by this court in Stevens v. Kansas City, 146 Mo. 460, 465, that "a proceeding in a police court to punish a violation of a municipal ordinance by a fine or imprisonment is civil in form and quasi-criminal in character. . . . It is governed by the rules of pleading applicable to civil cases, but if it was solely civil no fine or imprisonment could be inflicted. It is therefore a quasi-civil and criminal action."

The criminal character of such cases lies then in the fact that their object is to punish, and that the proceeding involves the arrest and physical restraint of the person charged. His arrest is an incident to the criminal phase of the case, so that when he is in custody in such a proceeding he is in custody on a criminal charge.

The writ states that Young, the principal, was charged with a violation of an ordinance of the city, and that he and the appellant as his security personally appeared before John Lyon, "an officer of the city of St. Louis duly authorized by ordinance to take bonds for and in behalf of the city of St. Louis in case of persons arrested for violation of ordinances of said city," and entered into the recognizance. These statements sufficiently charge either that he was actually in custody of the officer and was discharged therefrom by reason of the giving of the recognizance, or that he had waived formal arrest and was therefore in constructive custody from which he was discharged in the same manner. The presumption, as we have already stated, is that the evidence supports the judgment upon any theory that may be fairly implied from the averments of the writ.

In State v. Eyermann, 172 Mo. 294, Kratz was indicted by the grand jury of the city of St. Louis on the first day of February, 1902. On the third day of the same month he appeared in open court and was recog-

nized, with Eyermann as surety to appear before the circuit court from day to day during the then existing term, and on the first day of any future term thereof to which the cause might be continued, to answer the indictment, and not depart the court without leave thereof. During the same (February) term and on the first day of March, 1902, the cause was continued until the April term, 1902, to be begun on April 6th and was docketed for April 7th. On the twentieth day of March, and during the same term, the court made the following order: "This day the said Charles Kratz comes into court, in his own proper person, and thereupon on recommendation of the circuit attorney, representing the State, it is ordered by the court that the bond heretofore entered into and filed in this court, for the sum of five thousand dollars by the said Charles Kratz, be raised to the sum of twenty thousand dollars. Thereupon, the said Charles Kratz enters into and files his recognizance herein in the sum of twenty thousand dollars, with Gottlieb Eyermann, Jr., as surety, to answer said indictment." The recognizance so given was in the same form as the previous one. Kratz failed to appear at the April term and *scire facias* was issued to enforce the forfeiture of the recognizance against the security, and the question was squarely presented to this court whether the principal was in custody or under arrest when the last recognizance was taken, as required by the terms of section 2543, Revised Statutes 1899. In holding the recognizance to be valid in this respect the court (at page 303) said: "It can but be held that he waived the matter of arrest, as he unquestionably had the right to do, and defendant should not now be permitted to say he did not do so."

In summing up the entire case the court stated (p. 305) that if there were any doubt in regard to what had been said in the opinion it must be dispelled when section 2800, Revised Statutes 1899, is taken into consideration. This section is as follows: "No proceed-

ing upon a recognizance shall be defeated, nor shall judgment thereupon be prevented or arrested, on account of any defect of form, omission of recital, condition or undertaking therein, neglect of the justice or clerk to note or record the default of any principal or surety at the time or term when such default shall happen, or of any other irregularity, so that it be made to appear from the whole record or proceeding that the defendant was legally in custody, charged with a criminal offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate at a term or time specified for trial.''

This section well repays a careful reading. It was a new section in the Revised Statutes of 1879, being section 2077 of that revision. It provides that judgment for forfeiture shall not be prevened on account of any omission of *recital or condition,* so that it appears from the *whole record or proceeding* that the defendant was legally in custody, charged with a criminal offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the surety undertook that the defendant should appear before a court or magistrate at a term or time specified for trial. As we have already said, we do not have the record of the original proceeding before us in such a way that we are at liberty to consider it, and must therefore presume that the defendant was legally in custody and that he was discharged by reason of the giving of the recognizance, and the writ states that the surety undertook that he should appear before the police magistrate at a term specified for trial. That this section made such a recognizance an obligation that the defendant would remain subject to the order of the court until his trial should take place or he should oth-

erwise be finally discharged seems to have been the opinion of this court whenever the question has been presented to it, as is shown by the following cases.

In April, 1868, before this section was enacted, one Mackey was indicted in the Cass Circuit Court for unlawfully selling liquor, and entered into recognizance with Thompson as security, to appear at the next (September) term of that court for trial, and not depart the court without leave. At the next term he appeared, and the cause was continued on motion of the circuit attorney at the cost of the State. At the April term, 1870, he failed to appear and a forfeiture was taken and a writ of *scire facias* was issued, charging that, although Mackey appeared at the October term, 1868, he departed the court without leave. Judgment enforcing the forfeiture was rendered, which was brought to this court by appeal and reversed (State v. Mackey, 55 Mo. 51), the court by VORIES, J., saying (p. 55): "If the defendants appeared at the October term in the year 1868, as required by the bond, and remained in court the whole term, ready to obey the order of the court until the term was adjourned, and no measures were taken by the court to commit the defendant or otherwise secure his appearance at any subsequent term of the court, upon the adjournment of that term of the court, the bond or recognizance would become discharged and of no further effect and could not be forfeited by the failure of the defendant to appear at some subsequent term of the court."

This statute seems to have been first noticed by this court in State v. Thompson, 81 Mo. 163, a criminal prosecution for slander, which originated in a justice's court, and was finally brought here by appeal from a judgment of the circuit court dismissing the appeal of the defendant from the justice's court on the ground that the statutory condition "to render himself in execution" was omitted from the appeal bond. In reversing the judgment on the ground, among others, that the

words ''to abide the judgment of the court and not
depart without leave'' were equivalent to the statutory
words first quoted, PHILIPS, C., in the opinion referred
to the new statute, then section 2077, Revised Statutes
1879, as follows: ''It would be inconsistent, if not
absurd, to say that, while on the appeal bond given in
this case by the defendant, he and his sureties would
be held on a *scire facias* for a forfeited recognizance,
the same bond was ineffectual as an appeal bond.''

The same section was again applied here in State
v. Morgan, 124 Mo. 467. This was an appeal in a crim-
inal case in which a recognizance was taken in the cir-
cuit court September 29, 1890, conditioned that the
defendant should ''appear in the Supreme Court, at
the April term, 1891, thereof, to receive judgment in
the appeal, and in this court, if the Supreme Court
shall so order, and at such time and place as such court
shall direct, and that he will render himself in execu-
tion and obey every order and judgment which shall
be made in the premises.'' The recognizance was for-
feited December 13, 1892, for the failure of the defend-
ant to appear at that term, and *scire facias* was
awarded against him and his securities. The same de-
fense, in substance, was made as is made here—that
the defendant was only bound by his undertaking to
appear at the April term. This court in affirming the
judgment said: ''But if there were any doubt in re-
gard to the views herein expressed, there can not be
when section 4380, Revised Statutes 1889, is taken into
consideration.'' It then proceeded to quote the sec-
tion, which is the same we have already quoted, and
proceeded: ''This statute was first enacted in 1879,
and was, therefore, not in force at the time the case
of State v. Mackey, supra, was decided, and was evi-
dently enacted to change the law as therein announced
that cognizors might not escape liability upon mere
technicalities, which in no way could possibly injur-
iously affect their rights.''

In State v. Austin, 141 Mo. 481, this court had
before it a judgment for the State on *scire facias* is-
sued upon the forfeiture of a bond conditioned (p. 483)
"that said Austin should be and appear before the
circuit court of Lincoln county on the *first day* of the
October term, to be begun and held at Troy, Missouri,
on the second Monday in October, 1893, and not depart
without leave of the court." This bond was forfeited
December 4th for the failure of the defendant to ap-
pear on that day. In affirming the judgment this court
(p. 485), after emphasizing the concluding words of
the recognizance, "*and not depart without leave of the
court,*" quotes (p. 487) this section of the statute, and
says: "All of which amply appears in this record
and the statute answers all the points made against
the judgment. It is a wise and wholesome piece of leg-
islation and should be enforced in the spirit of its en-
actment."

It is held in all these cases that when the sureties
undertake that the defendant shall appear before a
court or magistrate at the term specified for trial, their
obligation is that he shall remain in court for all the
purposes of his case, and that a new undertaking is no
more necessary than is a new summons to toll the civil
defendant into court at each successive term. It is a
most reasonable thing to require, and the words of the
section call for such a construction. There is no rea-
son why, when one charged with crime passes by his
own choice from the custody of the law to the benefi-
cent custody of his friends, the new relation ought not
to be as broad as the old, or the friends should not,
to the extent of their pecuniary undertaking, assume
a responsibility as extensive as that of the officer whom
they supersede.

On the other hand, the appellant cites Allen v.
Cape Brewing and Ice Co., 196 Mo. 435, to sustain his
contention that the recognizance in this case was *func-
tus officio* from the time the hearing of the cause was

continued in the police court on September 17, 1906. That case depended upon the following facts:

Allen was arrested December 18, 1899, upon an information charging him with selling liquor to a minor contrary to law, and taken before a justice of the peace, before whom, on December 21st, he entered into a recognizance, with the Brewing Company and another as sureties, for his appearance before the justice on January 22, 1900, to answer the said charge, and not depart without leave of said justice. The cause, by consent of parties, was continued from time to time to the 4th day of October, 1900, when Allen was called for trial and made default, and his recognizance was forfeited. This court, BURGESS, P. J., writing the opinion, held that it was then too late to render judgment of forfeiture, as the recognizance had expired; and said (p. 440): "Section 2759, Revised Statutes 1899, provides that for good cause shown, the justice may postpone the trial of the cause to a day certain, in which case he shall require the defendant to enter into a recognizance with sufficient security, conditioned that he will appear before the justice at the time and place appointed then and there to answer the charge alleged against him in the information. Section 2760, Revised Statutes 1899, provides that, if the defendant shall fail or refuse to enter into a recognizance, the justice shall commit him to the common jail of the county, or other prison, to remain until the day fixed for trial. As Allen appeared before the justice on the second day of January, as required by the recognizance, to answer the charge preferred against him in the information, and remained until the case had been postponed, by agreement, to another day, and no further steps were taken to secure his appearance before the justice, the recognizance was discharged, and could not be forfeited at the time to which the case was postponed, to-wit, October 4, 1900. [State v. Mackey, 55 Mo. 51.]"

We have quoted so fully from this opinion to develop the fact that the point was decided solely upon the effect of section 2759, Revised Statutes 1899, which has no application to this case. It does, however, strike one as unaccountable that this law should be so framed as to require a new recognizance whenever the hearing of a misdemeanor case before a justice of the peace is continued from one day to another, and we naturally scrutinize the law so characterized, and find its story told in the following sections:

"Sec. 2755. When the defendant shall be brought before the justice of the peace, or shall be held in custody charged by information with any misdemeanor, it shall be the duty of the justice, unless a continuance be granted, forthwith to hear the case as hereinafter provided. . . .

"Sec. 2759. Upon good cause shown, the justice may postpone the trial of the cause to a day certain, in which case he shall require the defendant to enter into a recognizance, with sufficient security, conditioned that he will appear before the justice at the time and place appointed, then and there to answer the charge alleged against him in the information. . . .

"Sec. 2762. When a continuance is granted the recognizance may be in the following form:

"We, A. B. as principal, and E. F. and G. H. as securities, acknowledge ourselves to owe and be indebted to the State of Missouri, in the sum of——— dollars, to be void upon the condition: That the said A. B. shall personally appear before O. K., a justice of the peace within and for the county of———and State of Missouri, at his office, on the———day of ———, 190—, at———o'clock—M., then and there to answer to an information for———(here state the offense) and not to depart without leave, otherwise to remain in force."

These sections were continued bodily from sections 4335, 4339 and 4342, respectively, of the Revised

Statutes 1889, and were obviously not intended to impose upon the defendant the duty of hunting his securities and giving a new recognizance every time the State or justice shall see fit to postpone the trial to a future day. Such a construction would be oppressive as well as unnecessary. It was designed to give the defendant a speedy trial, without the trouble of bail, and if that could not be done, to recognize him to appear for trial at a day certain, and not depart the court without leave. It only provides for a single recognizance, and that a continuing one so far as the concluding words make it continuing.

A pleasing example of the friendly way in which Legislature and courts work side by side toward legal perfection is found in the history of the section above quoted from the Revised Statutes 1899. The form prescribed for the recognizance in section 2762 is in fine print in both revisions. We all remember, how, in the good old fashioned method of teaching grammar we children were required to graduate through the coarse print to a knowledge of the subtler mysteries of the fine. The Kansas City Court of Appeals, in State v. Lewis, 61 Mo. App. 633, having graduated from the coarse print of section 4339 of the revision of 1889, and not having progressed as far as the fine print of section 4342, decided that the continuing condition "and not depart without leave" in the recognizance it then had under consideration, was nugatory, because not authorized by section 4339 of Revised Statutes 1889, and let the security out.

The Legislature seemed to notice this decision with dissatisfaction, and in 1901 added to section 2759, Revised Statutes 1899, the words "and not to depart without leave," so that thereafter those words should appear in coarse as well as fine print. [Laws 1901, p. 141.] This action evidently expresses the opinion of the Legislature that these words mean something. They were, of course, intended to make a change in the

law as declared in State v. Lewis, and they chose apt words to bring about that result. Should a military officer issue an order that members of his command should not depart the camp without leave, no one would construe it to mean that every leave must be an indefinite one so that the soldier would be at liberty to return or not as he pleased, yet this is the precise construction that is attempted to be given to the same words used in the recognizance in this case.

There is a later case from this court on the same general proposition—State v. Charles, 207 Mo. 40. While it only decides that an appearance and plea of guilty by the defendant has the same affect on his recognizance as a verdict of guilty, in that it is the duty of the court to order him into the custody of the officer so that his sureties are discharged from further responsibility, it quotes from Hawkins' Pleas of the Crown an expression which condenses much of the learning on this subject as follows: "It must be confessed that if a man's bail, who are his jailers of his own choosing, do as effectually secure his appearance, and put him as much under the power of the court as if he had been in the custody of the proper officer, they seem to have answered the end of the law and to have done all that can be reasonably required of them." There is nothing truer than this. The officer is the hand of the court which holds the defendant both in and out of its presence, and so long as the bail desires to relieve him of the humiliation and inconvenience of this custody they may undertake to do so up to the very time his detention becomes a punishment, and having so undertaken, they must perform, in every place, the terms of such undertaking, and for their failure to do so they have named their own penalty. [Ramey v. Commonwealth, 83 Ky. 534; State v. Benzion, 79 Ia. 467; Champlain v. People, 2 Comstock, 82; People v. Stager, 10 Wend. 431; State v. Randolph, 22 Mo. 474, 479; State v. Austin, supra, 486; State v.

Poston, 63 Mo. 521; State v. Millsaps, 69 Mo. 359, 362.]

For the reasons stated the judgment of the St. Louis Court of Criminal Correction is affirmed. *Blair, C.,* concurs

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur.